Wesley J. **BIGLER**, II, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 84A05–9904–PC–192

Court of Appeals of Indiana.

July 12, 2000.

Transfer Denied Sept. 14, 2000.

---

Caroline B. Briggs, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

**FRIEDLANDER, Judge**

Wesley J. Bigler II appeals the denial of his petition for post-conviction relief (PCR), by which he challenges his conviction of possession of a controlled substance with intent to deliver, and manufacturing and dealing in a controlled substance, both class B felonies. Bigler presents the following restated issues for review:

1. Did the trial court err in communicating with the jury and permitting the jury to view exhibits during deliberations when Bigler was not present?

2. Did the trial court commit fundamental error in instructing the jury?

3. Did fundamental error occur when the prosecutor made certain comments during final argument?

4. Did Bigler receive ineffective assistance of counsel?

We affirm.[1]

In addressing Bigler's arguments upon direct appeal, this court summarized the facts and evidence supporting the conviction as follows:

[O]n or about December 7, 1990, Bigler possessed methamphetamine with the intent to deliver. First, the State offered proof of actual delivery through the testimony of Paula Milner, who told the jury that Bigler had been delivering as much as one-half to one ounce of methamphetamine to her per week for about a year and one-half, and a forensic chemist, who identified the substance transferred by Milner to Albright as methamphetamine. Second, the State's evidence included expert testimony concerning a gallon jug of brown liquid which was seized from Bigler's basement. A sample of the liquid from this jug was tested and found to contain methamphetamine base, the controlled substance itself but which can be more readily absorbed by the body when converted into a powder called methamphetamine hydrochloride. Sold uncut the base would bring $7,000 to $11,000 per pound. It was estimated from the size of the equipment confiscated from Bigler's basement that Bigler had the capacity to manufacture at one time as much as three and one-half pounds of methamphetamine hydrochloride, enough to last one person "a couple of lifetimes." Third, the extent of Bigler's investment in security, manufacturing equipment, and stock of chemicals; the remote location of his residence; the irreplaceability, size and number of pieces of glassware used in the process; the presence of equipment which could be used in a number of different processes and to expedite the process; the range of solvents present which could substitute for each other; the number of empty containers; and the presence of various cutting agents, in combination with the expert testimony explaining the manufacturing process, all established the existence of a very sophisticated commercial venture.

Likewise, there was ample evidence that Bigler manufactured the metham-

---

1. A published opinion was originally handed down in this cause on May 23, 2000. That opinion appears in the West advance sheets at 728 N.E.2d 889 (Ind.Ct.App.2000). In that opinion, this court addressed, among other issues, Bigler's noncompliance with the Indiana Rules of Appellate Procedure in preparing his appellate brief. On May 25, Bigler filed a Petition for Rehearing and Recall of Published Opinion. He claimed in his petition that it was apparent that our opinion had been issued after mistakenly considering the appellate brief he originally filed, and not an amended appellate brief subsequently filed in the office of the Clerk of the Courts. Bigler is correct in this regard. Because of an administrative error, Bigler's amended brief was not considered by this court when the original opinion was decided. We hereby grant Bigler's Petition for Rehearing and Recall of Published Opinion. The original opinion has been withdrawn, the appropriate notifications have been sent, and the withdrawn opinion will not appear in the permanent edition of the Northeast Second Reporter. On a related matter, we deny a request for oral argument that was filed at the same time as Bigler's petition for rehearing.

phetamine base himself in his home in Vigo County on or about December 7, 1990 as charged in the information. When officers executed the search warrant, Bigler's residence, and, in particular, the room in the basement where the manufacturing equipment had been stored, still smelled of chemicals. Coffee filters found in the basement room had not yet dried, even though they were thin and flat, indicating to the State's expert that the methamphetamine base seized from the basement had probably been produced within the last week. A white powdery residue was about the room's floor as was debris from the operation. Other testimony established that the fumes from the manufacturing process were so toxic that an individual could not live in the house without knowing that the process was going on and the health of the chemist himself would suffer over time. "How to" books were found in Bigler's bedroom as was a small quantity of methamphetamine, a set of scales, some cutting agents, and a handwritten grocery list of chemicals which the State's expert opined were all used in the manufacturing process for methamphetamine identified by the DEA as "synthesis # 3." Finally, Bigler delivered the substance himself or sent others to deliver it for him, and after a time, refused to conduct any further sales in his home. *Bigler v. State*, 602 N.E.2d 509, 518–19 (Ind.Ct.App.1992), *trans. denied* (footnote omitted).

■ Before we proceed to a consideration of the issues presented by Bigler, we set forth our standard of review when considering the denial of a PCR petition. First, we remind Bigler that a post-conviction proceeding does not afford him the opportunity for a "super-appeal." *See Bailey v. State*, 472 N.E.2d 1260 (Ind. 1985). Instead, it provides him with the opportunity to raise issues that were not known at the time of the original trial, or that were not available on direct appeal.

*Id.* Issues that were available on direct appeal, but not presented, are forfeited on post-conviction review. *Conner v. State*, 711 N.E.2d 1238 (Ind.1999), *cert. filed*. Bigler bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5).

■ Our standard when reviewing appeals from negative post-conviction judgments is well established. A party appealing from such a negative judgment must establish that the evidence is without conflict and, when viewed as a whole, points unmistakably and unerringly to a conclusion contrary to that of the post-conviction court. *Conner v. State*, 711 N.E.2d 1238. We accept the trial court's findings of fact unless they are clearly erroneous, *see* Ind. Trial Rule 52(A), but we do not defer to the trial court's conclusions of law. We examine only the probative evidence and reasonable inferences supporting the post-conviction court's determination and we do not reweigh the evidence or judge witness credibility. *Conner v. State*, 711 N.E.2d 1238.

### 1.

Bigler contends that the trial court erred in communicating with the jury while Bigler was not present.

■ Claims that were available, but not presented, on direct appeal are generally forfeited in post-conviction proceedings. Exceptions to waiver will be made when the claimed error is fundamental. *Conner v. State*, 711 N.E.2d 1238.

■ Bigler did not present this alleged error in his direct appeal. Moreover, Bigler does not contend that the alleged error was fundamental in nature. Therefore, the argument is waived. *Id.*

### 2.

Bigler contends that he is entitled to reversal because (1) the charging information did not adequately apprise of the ele-

ments of the offense of which he was convicted, and (2) the trial court erred in instructing the jury.

■ As was the case with the preceding issue, Bigler did not present these claims upon direct appeal. Therefore, the claimed errors are waived. Bigler seeks to escape waiver by invoking the fundamental error doctrine. Exceptions to waiver will be made when the claimed error is fundamental. *Conner v. State,* 711 N.E.2d 1238. In order to prevail on a claim of fundamental error in a post-conviction proceeding, the defendant must persuade the court by a preponderance of the evidence that a violation of basic principles of law caused the defendant's conviction or sentence to be invalid. *Id.*

Our supreme court has clarified that the fundamental error exception to waiver is narrower in a post-conviction action than it is upon direct appeal. The court explained the parameters of permissible post-conviction claims of fundamental error as follows:

> We have emphasized the narrow applicability of the fundamental error doctrine. *See, e.g., Coleman v. State,* 703 N.E.2d 1022, 1036 (Ind.1998) (applies to only the most blatant denials of elementary due process); *Ford v. State,* 704 N.E.2d 457, 461 (Ind.1998) (available only when there are blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied); *Stevens v. State,* 691 N.E.2d 412, 420 n. 2 (Ind.1997) ("should be a rare, rather than merely an alternative, claim"); *Barany v. State,* 658 N.E.2d 60, 64 (Ind.1995) (it must be so prejudicial to the rights of a defendant as to make a fair trial impossible). This Court recently directed:
>
> > "[W]e view this exception [the fundamental error doctrine] as an extremely narrow one, available only "when the record reveals clearly blatant violations of basic and elementary principles [of due process], and the harm or potential for harm [can]not be de-

nied." *Warriner v. State,* 435 N.E.2d 562, 563 (Ind.1982). While concerns over due process do sometimes merit invocation of a fundamental error exception to the contemporaneous objection rule on direct appeal, we think *its availability as an exception to the waiver rule in post-conviction proceedings is generally limited to those circumstances we set forth in Bailey v. State, 472 N.E.2d 1260, 1263 (Ind. 1985):"* "[D]eprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal." *Canaan v. State,* 683 N.E.2d 227, 235–36 n. 6 (Ind. 1997)."

*Taylor v. State,* 717 N.E.2d 90, 93–94 (Ind. 1999) (emphasis supplied).

■ Although these claims were available upon direct appeal, Bigler did not present them. In arguing this issue, Bigler does not present these claims in the context of ineffective assistance of counsel. Accordingly, Bigler has not demonstrated that the fundamental error exception to the waiver doctrine is applicable here. The arguments are waived.

### 3.

■ Bigler contends that he is entitled to reversal because of prosecutorial misconduct during final argument.

Once again, Bigler did not present these claims upon direct appeal, therefore subjecting the claimed errors to resolution by waiver. Bigler again seeks to escape waiver by invoking the fundamental error doctrine. As was the case with Issue 2 above, this issue was available, but not presented, upon direct appeal. Additionally, in arguing this issue, Bigler has not presented the claims in the context of ineffective assistance of counsel. As a result, Bigler has failed to demonstrate the applicability of the fundamental error exception to waiver

and the argument is waived. *Taylor v. State*, 717 N.E.2d 90.

### 4.

Bigler contends that he received ineffective assistance of counsel in three respects. He explains:

First, the actions of the State deprived the defendant of his right to counsel. Second, the treatment of the jury and the atmosphere created at trial, made the proceedings "presumptively unreliable." Third, counsel was unable to and did not operate effectively, that is within an objective standard of reasonableness and the defendant was prejudiced by his errors. The first two allegations require a review of the surrounding circumstances of the trial without reviewing the actual performance of counsel, while the third analysis requires a review of the actual performances of counsel.

Appellant's Brief at 27–28.

■ In explaining his contention with respect to the first category of alleged ineffective assistance of counsel, *i.e.*, "the actions of the State", Bigler claims that the State created an atmosphere that was "reprehensible." *Id.* at 28. In support of this claim, Bigler offers only the following analysis: "Bigler incorporates his memorandum of law presented to the post-conviction court herein." *Id.*

■ This court recently indicated that an argument presented entirely through incorporation by reference from a source outside of the appellate briefs does not comply with Ind. Appellate Rule 8.3(A)(3) and (7). We explained that briefs should be prepared "so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented." *Pluard v. Patients Compensation Fund*, 705 N.E.2d 1035, 1038 (Ind.Ct.App.1999), *trans. denied.* Because of Bigler's substantial noncompliance with the Indiana Rules of Appellate Procedure, we are not compelled to reach the merits of his contention. The argument is waived.

Bigler describes the second category of instances of alleged ineffective assistance of counsel as proceedings which deprived him of the effective assistance of counsel and were presumptively unreliable. Bigler's entire argument on this issue consists of the following: "Bigler also believes that the above actions deprived him of the effective assistance of counsel because they were 'presumptively unreliable'. He requests the court to review the actions as set forth above and in light of *Cronic, supra*." Appellant's Brief at 28.

First, we are unable to discern which actions are the subject of Bigler's reference to "the actions as set forth above". Second, Bigler offers no analysis, apart from the unexplained reference to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Bigler argument falls short of the requirement of App. R. 8.3(A)(7) that a party offer cogent argument in support of claims made upon appeal. Accordingly, any error in this respect is waived for failure to present a cogent argument. App. R. 8.3(A)(7); *Dye v. State*, 717 N.E.2d 5 (Ind.1999).

According to Bigler, the third category of alleged instance of ineffective assistance of counsel involves the "actual performance of counsel". Appellant's Brief at 28. His entire argument on this issue consists of the following:

In general, counsel's performance may fall below an objective standard of reasonableness by failing to object or otherwise preserve error for appeal. Due to limitation of brief lengths, Mr. Bigler incorporates his authority, pro se memorandum, and the testimony provided at the post-conviction hearing. Appellate counsel did not request relief on direct appeal of the post-conviction issues. Although, he may have raised meritorious issues on appeal, the omission of obvious issues constituted ineffective assistance of appellate counsel. Trial counsel did not protect Bigler from repeated inferences of state misconduct and the failure

to repeatedly object denied Bigler ineffective assistance of trial counsel [sic]. Id.

As indicated above, a party may not present an argument entirely by incorporating by reference from a source outside the appellate briefs. *Pluard v. Patients Compensation Fund,* 705 N.E.2d 1035. A party certainly may not do this in order to circumvent the rules governing the limits on the length of appellate briefs. *See* App. R. 8.2(A)(4).[2] Moreover, Bigler offers no analysis under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to support his claim of ineffective assistance of counsel. Rather, the errors of which he complains in Issues 1, 2, and 3 are argued therein either as reversible error or fundamental error. Those analyses are separate and distinct from the two-part analysis governing claims of ineffective assistance of counsel that was enunciated in *Strickland.* Bigler has failed to provide this court with any analysis under *Strickland.*

In summary, to support his claim of ineffective assistance of counsel, Bigler does nothing more than: (1) incorporate by reference materials not contained in his appellate brief, (2) invoke the name of *Strickland,* and (3) baldly assert that he received ineffective assistance of trial and appellate counsel by virtue of counsels' failure to preserve or present the claims of error that he argued under different theories in Issues 1, 2, and 3. Although we prefer to decide issues on the merits, we cannot address Bigler's claims of ineffective assistance of counsel because he has failed to present cogent argument in support thereof. The argument is waived. App. R. 8.3(A)(7); *Goliday v. State,* 526 N.E.2d 1174 (Ind.1988).

Judgment affirmed.

DARDEN, J., and VAIDIK, J., concur.

---

**2.** We note that, as compared to the original appellate brief, Bigler's amended brief does not contain substantive changes with respect to the legal arguments offered therein. It does, however, rectify all but one of the deficiencies of form of the original appellate brief. With regard to that deficiency, the table of contents and separate statement of the issues immediately preceding the statement of the case are clearly contemplated by the rules. Therefore, they should be numbered and count against the page limit. *See Angleton v. Estate of Angleton,* 671 N.E.2d 921 (Ind.Ct.App.1996), *trans. denied.* We note that, perhaps related to Bigler's admitted difficulty in compressing his arguments into the number of pages limited by rule, he failed to number these pages in his amended brief. Attempts to circumvent the 30–page limit rule by any means are not an appropriate form of appellate brief writing. Should more space be needed to present the issues for review, counsel is advised to file a motion with this court requesting permission to exceed the 30–page limit rule. *See* App. R. 8.2(A)(4).