## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 30 2015, 10:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE

Lamarr T. Crittenden
Miami Correctional Facility
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lamarr T. Crittenden,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 30, 2015

Court of Appeals Case No.
49A05-1405-PC-227

Appeal from the Marion Superior Court

Lower Court Cause No.
49G04-0810-PC-227401

The Honorable Lisa F. Borges, Judge

The Honorable Anne Flannelly, Magistrate

**Pyle, Judge.**

# Statement of the Case

[1] Lamarr T. Crittenden ("Crittenden") filed a pro se petition for post-conviction relief, alleging multiple claims of ineffective assistance of both trial and appellate counsel. Prior to the post-conviction hearing, the post-conviction court granted Crittenden's request for the issuance of subpoenas to his trial and appellate counsel, but it denied his request to issue subpoenas to four other proposed witnesses, finding that the testimony of these proposed witnesses was neither relevant nor probative. The post-conviction court also denied various discovery motions filed by Crittenden. During the post-conviction hearing, when Crittenden moved to admit into evidence two Department of Child Services ("DCS") reports, the State objected based on a lack of foundation, and the post-conviction court sustained the objection and ruled that the reports would not be admitted at that time.

[2] Following the hearing, the post-conviction court issued its findings and conclusions in which it denied post-conviction relief in part and granted it in part. Specifically, the post-conviction court concluded that Crittenden's trial counsel had rendered deficient performance at sentencing by failing to realize that the statutory minimum sentence for Class A felony child molesting was twenty years and by failing to bring the correct sentencing range to the trial court's attention, and the post-conviction court concluded that this "misimpression" was sufficient to show prejudice. As a result, the post-conviction court ordered that a new sentencing hearing be held. The post-conviction court also concluded that Crittenden's appellate counsel had

rendered ineffective assistance by failing to raise that sentencing issue on appeal. In regard to Crittenden's other allegations of ineffective assistance of trial and appellate counsel, the post-conviction court concluded that he had failed to meet his burden of proving these claims, and it denied post-conviction relief on these remaining claims.

[3] On appeal, Crittenden argues that the post-conviction court erred by: (1) denying his requests for subpoenas; (2) denying his motions for discovery; (3) excluding the DCS reports from evidence; and (4) denying post-conviction relief on his remaining ineffective assistance of trial and appellate counsel claims. Concluding that the post-conviction court committed no error as alleged by Crittenden, we affirm the post-conviction court's judgment.

[4] We affirm.

## Issues

1. Whether the post-conviction court abused its discretion by denying Crittenden's request to issue four subpoenas.

2. Whether the post-conviction court abused its discretion by denying Crittenden's various discovery motions.

3. Whether the post-conviction court abused its discretion by excluding Crittenden's proposed evidence of DCS records from the post-conviction hearing.

4. Whether the post-conviction court erred by denying post-conviction relief on Crittenden's remaining claims of ineffective assistance of trial and appellate counsel.

# Facts

The facts of Crittenden's crimes were set forth in the memorandum decision from his direct appeal as follows:

> In 2006, Crittenden began cohabiting with Shontae Matlock and her daughter D.M., born February 8, 1999, on Denny Street in Indianapolis. On one occasion during 2007 or 2008, Crittenden entered D.M.'s bedroom while she was sleeping and ordered her to perform fellatio on him. When she refused, Crittenden placed his hand inside her vagina and moved it around. He then performed anal intercourse on her. Crittenden admonished D.M. not to tell anyone about the incident.
>
> Nevertheless, D.M. told her mother, who refused to believe her allegations. On May 11, 2008, D.M. reported the incident to her aunt, Lawanna Smith, who took her to the hospital for a medical examination.
>
> On October 7, 2008, the State charged Crittenden with two counts of class A felony child molesting and two counts of class C felony child molesting. On April 7, 2009, the State filed a notice of intent to introduce child hearsay statements at trial. On April 27, 2009, the trial court held a hearing on the matter and determined that such statements were admissible, subject to limitations set forth in *Tyler v. State,* 903 N.E.2d 463 (Ind. 2009). That same day, Crittenden waived his right to jury trial, and a bench trial ensued. The trial court found Crittenden guilty of one count of class A felony child molesting [for putting his penis in D.M.'s anus] and one count of class C child molesting [for fondling D.M.]. At the May 26, 2009 sentencing hearing, the trial court made the following statement:
>
> > I want to state this specifically for the record, that my verdict was based on the child's testimony, that I gave no weight in my decision to the statements that the victim made to [Aunt] Lawanna Smith or any other individual but only upon her testimony

> here at trial, which I found to be compelling and
> credible.

> Tr. at 153 . . . .

*Crittenden v. State*, No. 49A05-0906-CR-355, *1 (Ind. Ct. App. Jan. 21, 2010)

(footnote omitted), *trans. denied*.

[6] During Crittenden's May 26, 2009 sentencing hearing, the trial court stated that the "minimum amount of time" that Crittenden could receive for his Class A felony conviction was "thirty years executed." (Tr. 148).[1] Crittenden's trial counsel agreed, asked the court to sentence Crittenden to "the absolutely minimum executed sentence that the Court c[ould,]" and requested that the trial court sentence him to "thirty years, thirty-five years, suspend five, two of that [to] probation . . . and the minimum sentence executed in the Department of Correction[]." (Tr. 152). The trial court sentenced Crittenden to thirty-five (35) years, with thirty (30) years executed and five (5) years suspended, for his Class A felony conviction and six (6) years for his Class C felony conviction, and the trial court ordered that these sentences be served concurrently.

[7] Thereafter, Crittenden appealed his convictions and argued that the State "failed to present sufficient evidence to establish territorial jurisdiction over his

---

[1] We will refer to the direct appeal transcript as "(Tr.)," the direct appeal appendix as "(App.)," the post-conviction transcript as "(P-CR Tr.)," and the post-conviction appendix as "(P-CR App.)."

case." *Crittenden v. State*, No. 49A05-0906-CR-355 at *1. Our Court held that there was sufficient evidence and affirmed his convictions.

[8] On July 29, 2010, Crittenden filed a pro se petition for post-conviction relief. Thereafter, the State Public Defender entered an appearance, investigated Crittenden's claims, and then, in February 2012, withdrew its appearance pursuant to Post-Conviction Rule 1(9)(c). Crittenden later filed amended pro se post-conviction petitions.

[9] Crittenden raised post-conviction claims of ineffective assistance of trial and appellate counsel, as well as, freestanding claims of error relating his sentence. Specifically, Crittenden alleged that his trial counsel had rendered ineffective assistance by: (1) failing to file a motion to dismiss, which he alleged should have been based on: (a) the probable cause affidavit and charging information lacking a file stamp; (b) a challenge to the constitutionality of the child molesting statute; and (c) a challenge to the lack of criminal intent element; (2) failing to sufficiently investigate his case and to present witnesses (including character witnesses in favor of Crittenden and witnesses to discredit D.M.'s testimony); (3) failing to advise him regarding his chances at trial and the benefits of accepting a plea offer; (4) failing to cross-examine the child victim and the forensic child interviewer at the pretrial child-hearsay hearing; (5) failing to admit evidence of two DCS reports;[2] (6) failing to object to the

---

[2] One of these DCS reports was written, following a complaint filed on April 1, 2008, regarding a lack of food, shelter, and clothing in D.M.'s home, while the other report was written, following a complaint filed on

admissibility of the victim's medical exam and entering into a stipulation regarding the examining nurse's testimony; (7) being unaware that the statutory minimum sentence for Class A child molesting was twenty years; and (8) failing to object—based on *Blakely*[3]—to the trial court's aggravation of his sentence.

[10] In regard to Crittenden's ineffective assistance of appellate counsel claim, he alleged that his counsel rendered ineffective assistance by: (1) failing to sufficiently argue the territorial jurisdictional sufficiency issue raised on direct appeal; (2) failing to present a separate sufficiency issue on appeal; and (3) failing to raise sentencing issues, including a challenge that the trial court and his trial counsel misapplied the law regarding the statutory minimum sentence for his Class A felony child molesting conviction and a challenge to the enhancement of his sentence based on *Blakely*.

[11] During the course of this post-conviction proceeding, Crittenden filed various discovery motions, which were ultimately denied by the post-conviction court. These motions included: (1) Requests for Access to Relevant Portions of the Record (filed August 22, 2012 and March 8, 2013); (2) a Motion to Compel Release of Documents (filed on November 13, 2012); (3) Request for Access to Relevant Portions of the Record (filed March 8, 2013); (4) a Request for Documents, Calculated to Lead to Discovery of Admissible Evidence, Pursuant

---

May 11, 2008, regarding allegations of sexual abuse against Crittenden that then led to the current charges being filed against him.

[3] *Blakely v. Washington*, 542 U.S. 296 (2004), *reh'g denied*.

to Trial Rule 34(B) (filed on March 11, 2013); and (5) a Motion for Offer to Prove (filed on March 21, 2013). When denying some of these motions, the post-conviction determined that Crittenden had "failed to show how the requested discovery [wa]s necessary to support his pending post-conviction relief claims, and he ha[d] not shown that he ha[d] made any effort to obtain such evidence from his trial counsel's file or his previously-appointed State Public Defender." (P-CR App. 134, 144).

[12] Prior to the post-conviction hearing, Crittenden filed a request for the post-conviction court to issue subpoenas. He sought to have subpoenas issued to: (1) his trial counsel; (2) his appellate counsel; (3) the deputy prosecutor from his bench trial; (4) the nurse who performed a medical exam on the victim and who did not testify at trial because the parties stipulated that she had examined D.M. and stipulated that the exam did not reveal any signs of injury to D.M.'s genitalia;[4] (5) a DCS family case manager who did not testify at trial and who wrote the April 2008 DCS report after she conducted an interview with D.M. and her mother following a complaint regarding a lack of food, shelter, and clothing in the home; and (6) a DCS family case manager who did not testify at trial and who wrote the May 2008 DCS report that contained allegations of sexual abuse against Crittenden and that led to the current charges being filed

---

[4] Specifically, the parties stipulated that the nurse "examined" D.M. and that D.M. "did not have any injuries to her genitalia which neither confirm[ed] nor negate[d] the allegations of sexual abuse." (Tr. 118).

against him.  Thereafter, the post-conviction court entered an order granting Crittenden's request for subpoenas for his trial and appellate counsel and denying his request for subpoenas for the remaining four witnesses.  The post-conviction court explained that it denied Crittenden's request for the remaining witnesses "for the reason that the Court finds that each of these proposed witness' testimony is not relevant and probative."  (P-CR App. 209).

[13]  On June 18, 2013, the post-conviction court held a hearing on Crittenden's petition.  During the hearing, at which Crittenden represented himself pro se, he called his trial counsel and appellate counsel as witnesses.  He also testified on his own behalf.  The post-conviction court took judicial notice of its file, the trial and sentencing transcripts, the appellate briefs, and this Court's memorandum decision from Crittenden's direct appeal.

[14]  Crittenden's trial attorney did not have a specific recollection of the details of the underlying case.  When questioning his trial counsel, Crittenden moved to admit the two DCS reports that Crittenden stated "were discovered to [his trial counsel] by [the] Deputy Prosecuting Attorney[.]"  (P-CR Tr. 58).  The State noted that the DCS reports appeared to be photocopies, and it objected to the admission of these reports based on a lack of foundation and lack of self-authentication.  The post-conviction court sustained the objection and stated

that the reports would "not [be] admitted at this time." (P-CR Tr. 59). Crittenden did not try later to have the reports admitted into evidence.[5]

[15] Crittenden questioned his appellate counsel about his decision-making process when deciding what issue to raise on appeal. When Crittenden asked appellate counsel if a sufficiency of the evidence issue would have been a more meritorious issue to raise than the territorial jurisdiction issue, appellate counsel disagreed. Appellate counsel stated that "there was sufficient evidence to support the finding of guilty" and that he thought the jurisdictional issue was a better one to raise. (P-CR Tr. 13).

[16] On May 15, 2014, the post-conviction court issued its findings and conclusions in which it denied post-conviction relief in part and granted it in part. Specifically, the post-conviction court concluded that Crittenden's trial counsel had rendered deficient performance at sentencing by stating that the statutory minimum sentence for a Class A felony child molesting conviction was thirty years instead of twenty years and by failing to bring the correct sentencing range to the trial court's attention. The post-conviction court also concluded that this "misimpression" was sufficient to show prejudice. (P-CR App. 362). As a result, the post-conviction court ordered that a new sentencing hearing be held. The post-conviction court also concluded that Crittenden's appellate counsel

---

[5] These reports, however, appear to be part of the court's file because the prosecutor submitted them to the trial court for review prior to the bench trial and then filed a copy of the reports that were sent to Crittenden's trial counsel as part of the pre-trial discovery.

had rendered ineffective assistance by failing to raise the issue on appeal.  In regard to Crittenden's other allegations of ineffective assistance of trial and appellate counsel, the post-conviction court concluded that Crittenden had failed to prove that he had received ineffective assistance of counsel.  Lastly, the post-conviction court concluded that Crittenden had waived his freestanding claims of error relating to sentencing.

[17]  Crittenden now appeals the post-conviction court's ruling on his ineffective assistance of counsel claims, as well as, the court's rulings on some procedural issues.  Additional facts will be provided when discussing Crittenden's appellate arguments.

# Decision

[18]  Crittenden appeals from the post-conviction court's order denying post-conviction relief on his remaining claims of ineffective assistance of trial and appellate counsel.  Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules.  Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence.  Ind. Post-Conviction Rule 1(5).  A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court.  The appellate court must accept the post-conviction court's findings of fact and may reverse only if the

findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal case citations omitted), *trans. denied.*

[19] Before addressing Crittenden's post-conviction claims, we will first address his challenges to the post-conviction court's procedural rulings that occurred during the course of this post-conviction proceeding. He argues that the post-conviction court erred in its following rulings: (1) denying his request for the issuance of four subpoenas; (2) denying his various discovery motions; and (3) excluding his proposed evidence of DCS records.

### 1. Subpoenas

[20] We first address Crittenden's contention that the post-conviction court erred by denying his request to issue subpoenas to four witnesses.

[21] Post-Conviction Rule 1(9)(b)—which addresses the issuance of subpoenas in a post-conviction proceeding—provides, in relevant part that:

> If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant

and probative, it shall enter a finding on the record and refuse to issue the subpoena.

[22] A post-conviction court's decision to grant or deny a request for issuance of a subpoena is within its discretion. *Collins v. State*, 14 N.E.3d 80, 84 (Ind. Ct. App. 2014). An abuse of discretion occurs where the decision is against the logic and effect of the facts and circumstances. *Id.*

[23] Here, the post-conviction court granted Crittenden's request for the issuance of subpoenas to his trial and appellate attorneys but denied his request for subpoenas to four other requested witnesses, which included the deputy prosecutor, a nurse who examined D.M., and two DCS family case managers.[6] In Crittenden's request for subpoenas for these four witnesses, he generally alleged that they would help him prove his claims of ineffective assistance of trial counsel. When denying Crittenden's request for subpoenas, the post-conviction court explained that it did so "for the reason that the Court finds that each of these proposed witness' testimony is not relevant and probative." (P-CR App. 209).

[24] On appeal, Crittenden again makes a general assertion, without further explanation, that these witnesses would support his claims of ineffective assistance of counsel. Accordingly, Crittenden has failed to show that the post-conviction court abused its discretion by denying his request for subpoenas.

---

[6] Again, neither of the DCS workers nor the nurse testified at trial.

*See, e.g.*, *Collins*, 14 N.E.3d at 84 (finding no abuse of discretion by the post-conviction court's refusal to issue subpoenas where the petitioner failed to provide any information on appeal to show how a proposed witness would have offered any relevant testimony to his post-conviction claims); *see also Johnson v. State*, 832 N.E.2d 985, 994-95 (Ind. Ct. App. 2005) (holding that a petitioner who had failed to explain how a proposed witnesses' testimony would support his ineffective assistance of counsel claim waived his claim that the post-conviction court erred by denying his request for a subpoena).

### 2. Discovery

[25] Crittenden argues that the post-conviction court abused its discretion when it denied his various discovery motions. We have consolidated his specific arguments on these motions and will discuss them in further detail below.

[26] "Post-conviction proceedings are governed by the same rules 'applicable in civil proceedings including pre-trial and discovery procedures.'" *Wilkes v. State*, 984 N.E.2d 1236, 1251 (Ind. 2013) (quoting P-C.R. 1(5)). "[P]ost-conviction courts are accorded broad discretion in ruling on discovery matters[,] and we will affirm their determinations absent a showing of clear error and resulting prejudice." *Id.* (citing *State v. McManus*, 868 N.E.2d 778, 790 (Ind. 2007), *cert. denied*).

#### A. *Requests for Access to Relevant Portions of the Record*

[27] Crittenden first argues that the post-conviction court erred by denying his Requests for Access to Relevant Portions of the Record, one of which he filed

August 22, 2012 and the other on March 8, 2013.  In his appellate brief, Crittenden specifically challenges the post-conviction court's denial of his request for the following portions of the record:  (1) a photograph taken by a DCS caseworker that was included in trial discovery from the prosecutor to Crittenden's trial attorney; and (2) a DVD copy of the VHS tape that contained the statement that D.M. made to the forensic child interviewer and that was admitted, along with the transcript of the statement, during the child-hearsay hearing.

[28]  When denying one of these motions, the post-conviction court determined that Crittenden had "failed to show how the requested discovery [wa]s necessary to support his pending post-conviction relief claims, and he ha[d] not shown that he ha[d] made any effort to obtain such evidence from his trial counsel's file or his previously-appointed State Public Defender."  (P-CR App. 134).

[29]  On appeal, Crittenden generally alleges that his requested documents were needed to prove his post-conviction claims, but he fails to explain how these various discovery motions would have helped to support those claims.  He also fails to dispute the post-conviction court's conclusion that he could have obtained these records from his trial counsel's file or previously-appointed State Public Defender.  Accordingly, we conclude that the post-conviction court did not abuse its discretion by denying his Requests for Access to Relevant Portions of the Record.

### B. *Motion to Compel Release of Documents*

[30]  Crittenden next argues that the post-conviction court erred by denying his Motion to Compel Release of Documents, in which he asked the post-conviction court to issue an order requiring the State to serve three sets of interrogatories that he had previously tendered to the State. These interrogatories did not contain questions posed to the State; instead, they were interrogatories addressed to three non-party individuals, all of whom did not testify at his bench trial. These individuals included the nurse for whom the parties entered a stipulation regarding her testimony and the two DCS case workers who wrote DCS reports that were not introduced into evidence during his bench trial.

[31]  Indiana Trial Rule 33 provides, in relevant part, that "[a]ny *party* may serve upon *any other party* written interrogatories to be answered by the party served[.]" (Emphasis added). Here, Crittenden tendered interrogatories to the State to serve upon three non-party individuals who did not testify at trial. On appeal, he has not shown how the post-conviction court's denial of his request to compel the State to serve these interrogatories on these non-parties was clear error or that it resulted in prejudice. Accordingly, we affirm the post-conviction court's denial of his Motion to Compel Release of Documents. *See Wilkes*, 984 N.E.2d at 1251 (explaining that we will affirm a post-conviction court's discovery ruling absent a showing of clear error and resulting prejudice).

### C. *Request for Documents Pursuant to Trial Rule 34(B)*

[32] Crittenden also contends that the post-conviction court erred by denying his Request for Documents, Calculated to Lead to Discovery of Admissible Evidence, Pursuant to Trial Rule 34(B). In this motion, Crittenden requested items that he had requested in previously-denied pretrial discovery motions, such as the photograph taken by a DCS worker, an in-camera review of the two DCS reports, and a DVD recording of D.M.'s statement to the forensic child interviewer. The post-conviction court denied this request, determining that Crittenden had "failed to show how the requested discovery [wa]s necessary to support his pending post-conviction relief claims, and he ha[d] not shown that he ha[d] made any effort to obtain such evidence from his trial counsel's file or his previously-appointed State Public Defender." (P-CR App. 134).

[33] Crittenden has not shown that he could not have obtained these records from his trial counsel's file or previously-appointed State Public Defender. Also, he has not shown that the post-conviction court's determination was clearly erroneous or that it resulted in prejudice. Accordingly, we conclude that the post-conviction court did not abuse its discretion by denying his Request for Documents.

### D. *Motion for Offer to Prove*

[34] Lastly, Crittenden argues that the post-conviction court erred by denying his Motion for Offer to Prove. As Crittenden acknowledges, in this motion, he "once again requested the same discovery that he ha[d] requested multiple times before[,]"which included a DVD recording of D.M.'s statement to the

forensic child interviewer, a "hard copy of the audio version of the trial and sentencing transcripts[,]" an in-camera review of the April 2008 and May 2008 DCS reports, and the name of the complainant from the April 2008 DCS report.[7] (Crittenden's Br. 12).

[35] Crittenden has failed to show that the post-conviction court's ruling was erroneous or that he was prejudiced by the denial of these items. Indeed, the record from his direct appeal contained a VHS copy and a transcript of D.M.'s statement to the forensic child interviewer, as well as, the transcripts from his trial and sentencing hearings. In regard to Crittenden's request for an in-camera review of the two DCS reports, the record shows that he had these two documents; indeed, he tried to introduce them into evidence during the post-conviction hearing. As to his request for the name of the complainant from the April 2008 DCS report, we note that this report was not admitted during his bench trial and that it pertained to an allegation of a lack of food, shelter, and clothing, which is an allegation unrelated to Crittenden's crimes. Because Crittenden has failed to show how the post-conviction court's denial of his Motion for Offer to Prove was clearly erroneous or prejudiced him, he has failed to show that the post-conviction court abused its discretion by denying his motion.

---

[7] In his Motion for Offer to Prove, Crittenden asserted that he wanted the name of the complainant so that he could show that it was D.M.'s aunt. This April 2008 DCS report—which was offered as Petitioner's Exhibit I but not admitted into evidence during the post-conviction hearing—was based upon an allegation, made by a relative, of a lack of food, shelter, and clothing in D.M.'s home.

### 3. Evidentiary Ruling

[36] Turning to Crittenden's challenge to the post-conviction court's exclusion of the DCS reports from evidence, we note that in a post-conviction hearing, "[t]he admission or exclusion of evidence is within the sound discretion of the [post-conviction] court and will not be disturbed on review unless there was an abuse of discretion on the part of the [post-conviction] court." *Roche v. State*, 690 N.E.2d 1115, 1134 (Ind. 1997), *reh'g denied*.

[37] When questioning his trial counsel during the post-conviction hearing, Crittenden attempted to admit two DCS reports into evidence. The State noted that the DCS reports appeared to be photocopies, and it objected to the admission of these reports based on a lack of foundation and lack of self-authentication. The post-conviction court sustained the objection and stated that the reports would "not [be] admitted at this time." (P-CR Tr. 59). Crittenden did not try later to have the reports admitted into evidence.

[38] On appeal, Crittenden neither argues that the exclusion of this evidence violated an evidentiary rule nor offers any argument as to why it should have been admitted. Accordingly, he has not shown that the post-conviction court abused its discretion by excluding the DCS reports from evidence. *See, e.g., id.* (holding that the post-conviction court did not abuse its discretion by excluding evidence where the petitioner made "no argument that the exclusion of th[e]

evidence violated any evidentiary rule nor even any argument as to why [the evidence] should have been admitted").[8]

### 4. Post-Conviction Claims – Ineffective Assistance of Counsel

[39] Lastly, we review Crittenden's challenge to the post-conviction court's rulings on his ineffective assistance of counsel claims. Although the post-conviction court granted relief based on Crittenden's ineffective assistance of counsel claims regarding his sentencing, the post-conviction court concluded that Crittenden had failed to meet his burden of proving the remainder of his ineffective assistance of counsel claims. Now, on appeal, Crittenden argues that the post-conviction court erred by denying post-conviction relief on these remaining ineffective assistance of trial and appellate counsel claims.

[40] We apply the same standard of review to claims of ineffective assistance of appellate counsel as we apply to claims of ineffective assistance of trial counsel. *Williams v. State*, 724 N.E.2d 1070, 1078 (Ind. 2000), *reh'g denied*, *cert. denied*. A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444

---

[8] Again, we note that these reports appear to be part of the court's file over which the post-conviction court took judicial notice.

(Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*. However, "[i]f we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient." *Baer v. State*, 942 N.E.2d 80, 91 (Ind. 2011), *reh'g denied*. "Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *French*, 778 N.E.2d at 824.

### A. Ineffective Assistance of Trial Counsel

[41]     Crittenden argues that his trial counsel was ineffective for the following: (1) failing to file a motion to dismiss the charging information because it lacked a file stamp; (2) failing to sufficiently investigate his case and to present witnesses and evidence at trial, including evidence of prior DCS reports; (3) failing to advise him regarding his chances at trial and the benefits of accepting a plea offer; (4) failing to properly cross-examine the child victim and the forensic child interviewer at the pretrial child-hearsay hearing; and (5) failing to object to

the admissibility of the victim's medical exam and entering into a stipulation regarding the examining nurse's testimony.[9]

[42] Before addressing Crittenden's claims, we note that:

> There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.

*Stevens v. State*, 770 N.E.2d 739, 746-47 (Ind. 2002) (internal citations omitted), *reh'g denied*, *cert. denied*. "Few points of law are as clearly established as the principle that '[t]actical or strategic decisions will not support a claim of ineffective assistance.'" *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (quoting *Sparks v. State*, 499 N.E.2d 738, 739 (Ind. 1986)), *reh'g denied*.

### 1. Motion to Dismiss

[43] Crittenden asserts that his trial counsel was ineffective for failing to file a motion to dismiss the charging information based on it not containing a file stamp.

[44] To prevail on a claim of ineffective assistance due to the failure to file a motion to dismiss, "the defendant must show a reasonable probability that the motion

---

[9] We have consolidated some of Crittenden's ineffective assistance claims but will address each claim.

to dismiss would have been granted if made." *Garrett v. State*, 992 N.E.2d 710, 723 (Ind. 2013).

[45] In its findings and conclusions, the post-conviction court pointed out that the charging information is "reflected on the clerk's chronological case summary in the list of case pleadings filed" and "also reflected in the court's minutes." (P-CR App. 381-82). The post-conviction court also determined that, even if Crittenden's trial counsel would have directed the trial court's attention to the lack of a file stamp, the court could "have properly ordered a nunc pro tunc entry to correct the clerical error," and, as a result, the post-conviction court concluded that Crittenden had failed to prove any prejudice. (P-CR App. 382).

[46] We agree with the post-conviction court and conclude that Crittenden has failed to prove that he was prejudiced by his counsel's failure to file a motion to dismiss the charging information. *See Owens v. State*, 333 N.E.2d 745 (Ind. 1975) ("A trial court has the power and a duty to order a nunc pro tunc entry to correct . . . a clerical error" such as an indictment without a file stamp); *Emmons v. State*, 847 N.E.2d 1035, 1037-39 (Ind. Ct. App. 2006) (relying on *Owens* and noting that—in a case where a charging information does not contain a file stamp—the "better course of action" would be to have "a nunc pro tunc entry to show the filing of the information"). Accordingly, Crittenden has failed to persuade us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

## 2. Investigation/Witnesses/Evidence

[47] Crittenden next contends that his trial counsel rendered ineffective assistance because he failed to sufficiently investigate his case; failed to call any witnesses on his behalf; and failed to present any evidence, including evidence of the DCS reports, at trial.

[48] Turning to Crittenden's argument regarding the failure to investigate, we note that "[w]hen deciding a claim of ineffective assistance for failure to investigate, we apply a great deal of deference to counsel's judgments." *Boesch v. State*, 778 N.E.2d 1276, 1283 (Ind. 2002) (citing *Strickland*, 466 U.S. at 691), *reh'g denied*. "[E]stablishing failure to investigate as a ground for ineffective assistance of counsel requires going beyond the trial record to show what investigation, if undertaken, would have produced." *McKnight v. State*, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013) (citing *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998), *cert. denied*). The petitioner must also show "how that additional information would have aided in the preparation of the case." *Turner v. State*, 974 N.E.2d 575, 585 (Ind. Ct. App. 2012) (citing *Coleman v. State*, 694 N.E.2d 269, 274 (Ind. 1998)), *trans. denied.* "This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result." *McKnight*, 1 N.E.3d at 201.

[49] Crittenden asserts that his trial counsel should have investigated the DCS reports by deposing the family case managers who wrote the reports. Crittenden contends that if his trial counsel would have fully investigated the DCS report from April 2008 then he would have seen that the report—which

was based on an investigation of the lack of food, shelter, and clothing in the home—contained a statement that D.M. denied any abuse in the home at that time. Crittenden also argues that his trial counsel was ineffective for failing to introduce the April 2008 and May 2008 DCS reports into evidence during the bench trial.

[50] During the post-conviction hearing, Crittenden's trial counsel testified that he had reviewed the DCS reports before trial. He further testified that he did not specifically recall what his thinking or strategy was at the time of trial regarding the reports but that, when looking at them at the post-conviction hearing, he was able to speculate as to his strategy regarding the reports. Trial counsel testified that he would not have offered evidence of the May 2008 report because it "would have likely convinced the Judge [during the bench trial that Crittenden was] guilty as opposed to anything that was exculpatory" and because it was a repetition of what the victim had told the detective and the forensic child interviewer. (P-CR Tr. 84). Crittenden's trial counsel testified that he would not have admitted the April 2008 report because it related to conduct not charged in Crittenden's case and that it would not have been relevant. Additionally, counsel testified that he would not have deposed a DCS case managers because they would have just repeated what was in the reports and because "their testimony would have tended towards proving the State's case as opposed to anything exculpatory." (P-CR Tr. 62-63).

[51] Because trial counsel's decision to not further investigate the DCS reports by deposing the case manager and his decision to not introduce them into evidence

was a reasonable strategic decision, Crittenden has failed to show that his trial counsel's performance was deficient. *See Rondon v. State*, 711 N.E.2d 506, 518 (Ind. 1999) (holding that "trial counsel's decision to put the State to its burden without conducting an investigation to discover information beyond what the State had supplied through discovery was reasonable under the circumstances"). Moreover, Crittenden has failed to demonstrate that there is a reasonable probability that, but for his trial counsel's alleged errors, the result of the proceeding would have been different. Thus, the post-conviction court did not err by denying post-conviction relief on Crittenden's claims relating to the DCS reports.

[52] Crittenden also argues that his counsel should have investigated other occupants of the houses where D.M. lived to see if they could have possibly disclaimed D.M.'s allegation of abuse by Crittenden. During the post-conviction hearing, Crittenden's trial counsel testified that he "would have investigated every avenue to attempt to defend" Crittenden and that he "investigated all the various leads that were open to pursue." (P-CR Tr. 64, 70). Additionally, Crittenden offered no evidence during the post-conviction hearing to show what an investigation of these occupants, if undertaken, would have produced or how that additional information would have aided in the preparation of the case. Because he has made no showing that there was a reasonable probability that the outcome of his case would likely have been different had counsel further investigated the occupants, the post-conviction court did not err by denying post-conviction relief on these claims.

[53] In regard to witnesses, Crittenden argues that his counsel should have called the following as witnesses: (1) D.M.'s mother to testify that she did not believe that Crittenden had inappropriately touched D.M.; (2) D.M.'s teachers to see if D.M. had ever reported abuse to them; and (3) character witnesses to testify that Crittenden had never molested any other children.

[54] "A decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess[.]" *Brown v. State*, 691 N.E.2d 438, 447 (Ind. 1998). "When ineffective assistance of counsel is alleged and premised on the attorney's failure to present witnesses, it is incumbent upon the petitioner to offer evidence as to who the witnesses were and what their testimony would have been." *Lowery v. State*, 640 N.E.2d 1031, 1047 (Ind. 1994), *reh'g denied*, *cert. denied*.

[55] We need not determine whether trial counsel's decision not to call witnesses was a reasonable trial strategy because Crittenden has failed to meet his post-conviction relief burden on this ineffective assistance claim. Crittenden did not offer any affidavits from these proposed witnesses or any other evidence to show what these witnesses' testimony would have been; thus, he has failed to meet his burden on this claim. *See Lowery*, 640 N.E.2d at 1047. As a result, he has failed to show that the post-conviction court erred by denying relief on this claim.

Next, Crittenden argues that the post-conviction court erred by denying him relief on his claim that his trial counsel was ineffective for failing to advise him regarding his chances at trial and the benefits of accepting a plea offer. Crittenden asserts that his trial counsel erroneously allowed him to reject a plea offer and failed to advise him that he could be convicted based on the testimony of the child victim.

The record before us does not support Crittenden's assertions. During Crittenden's sentencing hearing, his trial counsel informed the trial court that he had discussed these issues with Crittenden.[10] Specifically, his trial counsel stated:

> And Judge, I feel compelled to make at least a very minimal record so that the Court's [sic] aware and Mr. Crittenden may not recall the entirety of our conversation but I did have some other folks there with me as we were discussing it and I remember distinctly assuring him that the Court could convict just as easily acquit and we discussed in detail when plea negotiations were ongoing what he was facing if convicted and what was offered by the State and I know sitting here now [Crittenden] probably feels like more time could have been spent explaining it to him but I made sure before we signed that document that I was satisfied he was clear and I thought he was clear minded that day and I thought he understood the nature of the circumstances, so, if that has changed I can only base my

---

[10] Crittenden's trial counsel made a record during sentencing because Crittenden had complained about the lack of time to make a decision about a plea, his jury trial waiver, and counsel's alleged promise of a positive trial outcome.

recollection on what I remember and what I told him and I remember distinctly warning him of all the possible outcomes.

* * * * *

Because a plea was offered that morning that I advised him to consider with a high level of consideration.

(Tr. 146-47).

[58] Furthermore, during the post-conviction hearing, Crittenden's trial counsel testified that, prior to trial, he had consulted with Crittenden regarding the possibility of a plea agreement and testified that he would have conveyed any plea offer to him. Additionally, his trial counsel testified that he consulted with Crittenden and informed him of what kind of evidence could be used against him.

[59] Other than Crittenden's self-serving testimony during the post-conviction hearing, he did not present any evidence that his trial counsel engaged in the behavior that he alleged. Accordingly, he has failed to show that the post-conviction court erred by denying his ineffective assistance claim.

### 4. Cross-Examination

[60] Crittenden also argues that his trial counsel was ineffective for failing to cross-examine D.M. and failing to sufficiently cross-examine the forensic child interviewer during the child-hearsay hearing.

[61] "'It is well settled that the nature and extent of cross-examination is a matter of strategy delegated to trial counsel.'" *Waldon v. State,* 684 N.E.2d 206, 208 (Ind.

Ct. App. 1997) (citing *Osborne v. State*, 481 N.E.2d 376, 380 (Ind. 1985)), *trans. denied.*

[62] In regard to Crittenden's first ineffective assistance claim regarding cross-examination, he contends that his trial counsel was ineffective because his counsel failed to cross-examine D.M. during the pretrial child-hearsay hearing and challenge her credibility. The post-conviction court noted that while Crittenden's trial counsel did not cross-examine D.M. during the child-hearsay hearing, he had cross-examined D.M. during the bench trial. The post-conviction court also noted that, at the end of Crittenden's bench trial, the trial court specifically clarified that its verdict was based solely on the victim's trial testimony and not on any other statements she had made to others. The post-conviction court determined that, as a result, Crittenden had failed to show any prejudice from his trial counsel's decision not to cross-examine D.M. during the child-hearsay hearing.

[63] Our review of the record supports the post-conviction court's determination. Furthermore, Crittenden did not present evidence during the post-conviction hearing to show what favorable testimony, if any, would have been elicited from such a cross-examination and how it would have affected the outcome of his trial. Thus, the post-conviction's court conclusion that Crittenden had failed to meet his burden of showing prejudice is further supported. *See Fine v. State*, 490 N.E.2d 305, 309 (Ind. 1986) (holding that there was no showing of prejudice by counsel's failure to cross-examine "key state's witnesses" when the defendant failed to establish that counsel could have elicited favorable

testimony); *Waldon*, 684 N.E.2d at 208-09 (holding that the defendant had failed to show that he was prejudiced by trial counsel's failure to cross-examine a witness).

[64] In regard to Crittenden's claim that his counsel was ineffective for not properly cross-examining the forensic child interviewer, Crittenden merely asserts in his appellate brief that his counsel's cross-examination was ineffective and that he was prejudiced, and he then refers us to his post-conviction memorandum filed with the post-conviction court in an attempt to have us incorporate his previously-made argument. Our Court, however, has explained that "a party may not present an argument entirely by incorporating by reference from a source outside the appellate briefs." *Bigler v. State*, 732 N.E.2d 191, 197 (Ind. Ct. App. 2000), *trans. denied*. "We [have] explained that briefs should be prepared 'so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented.'" *Id.* (quoting *Pluard v. Patients Compensation Fund*, 705 N.E.2d 1035, 1038 (Ind. Ct. App. 1999), *trans. denied*). Because Crittenden has failed to make an independent argument in his appellate brief, he has waived this argument. *See id.*

### 5. Medical Exam/Nurse's Statement

[65] Crittenden asserts that he received ineffective assistance of trial counsel because his counsel did not object to the admissibility of the victim's medical exam and because he entered into a stipulation regarding the examining nurse's testimony.

[66] To demonstrate ineffective assistance of counsel for failure to object, a defendant must prove that an objection would have been sustained if made and that he was prejudiced by counsel's failure to make an objection. *Wrinkles v. State,* 749 N.E.2d 1179, 1192 (Ind. 2001), *cert. denied.*

[67] During Crittenden's bench trial, his trial counsel and the State entered into a stipulation regarding the testimony of the nurse who examined D.M. and regarding the admissibility of the corresponding medical records.[11] They stipulated that the nurse "examined" D.M. and that D.M. "did not have any injuries to her genitalia which neither confirm[ed] nor negate[d] the allegations of sexual abuse." (Tr. 118). Because his counsel stipulated to the admission of the medical records, Crittenden cannot show that an objection to those records would have been sustained. Thus, he cannot show that his counsel rendered ineffective assistance by failing to object to the medical records.

[68] In regard to his argument regarding counsel's stipulation to the nurse's testimony, Crittenden contends that his counsel was ineffective because he did not present live testimony from her and cross-examine her. This argument also fails. Crittenden's trial counsel testified during the post-conviction hearing that a stipulation of the nurse's testimony was the equivalent of a "very positive outcome of any cross-examination." (P-CR Tr. 96). Crittenden, however, did not present any evidence during the post-conviction hearing to show how

---

[11] The record reveals that the nurse had a scheduling issue and was not available to testify on the morning of the bench trial.

counsel's decision to stipulate to the nurse's testimony constituted deficient performance. Nor did Crittenden present any evidence of specific testimony that would have resulted from calling the nurse as a witness and how it would have affected the outcome of his trial. Therefore, he has failed to meet his burden of showing that the post-conviction court erred by denying post-conviction relief on this ineffective counsel claim.

### B. Ineffective Assistance of Appellate Counsel

Lastly, Crittenden contends that the post-conviction court erred by denying him post-conviction relief on his ineffective assistance of appellate counsel claims. Ineffective assistance of appellate counsel claims "'generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well.'" *Garrett v. State*, 992 N.E.2d 710, 724 (Ind. 2013) (quoting *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006)). Crittenden argues that his appellate counsel rendered ineffective assistance because he failed to raise a challenge to the sufficiency of the evidence and because he failed to "sufficiently argue" the "meritorious issue" of territorial jurisdiction on appeal. (Crittenden's Br. 43). Thus, his ineffective assistance of appellate counsel claims are based upon categories (2) and (3).

### 1. Waiver of Issue

Turning to Crittenden's argument regarding appellate counsel's waiver of an issue challenging the sufficiency of the evidence, we note that "[t]o show that counsel was ineffective for failing to raise an issue on appeal thus resulting in

waiver for collateral review, 'the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential.'" *Garrett*, 992 N.E.2d at 724 (quoting *Ben–Yisrayl v. State*, 738 N.E.2d 253, 260-61 (Ind. 2000), *reh'g denied*, *cert. denied*). Our Indiana Supreme Court has explained the "need" for a reviewing court to be deferential to appellate counsel when considering whether counsel was ineffective for failing to raise an issue on direct appeal:

> [T]he reviewing court should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made.

*Timberlake v. State*, 753 N.E.2d 591, 605-06 (Ind. 2001) (quoting *Bieghler v. State,* 690 N.E.2d 188, 194 (Ind. 1997), *reh'g denied*, *cert. denied*), *reh'g denied*, *cert. denied*. "Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal." *Reed*, 856 N.E.2d at 1196. This is because "'the decision of what issues to raise is one of the most strategic decisions to be made by appellate counsel.'" *Wrinkles*, 749 N.E.2d at 1203 (quoting *Bieghler,* 690 N.E.2d at 193).

"To evaluate the performance prong when counsel waived issues upon appeal, we apply the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are "clearly stronger" than the raised issues." *Garrett*, 992 N.E.2d at 724 (quoting

*Timberlake*, 753 N.E.2d at 605-06). "If the analysis under this test demonstrates deficient performance, then we evaluate the prejudice prong which requires an examination of whether 'the issues which . . . appellate counsel failed to raise would have been clearly more likely to result in reversal or an order for a new trial.'" *Garrett*, 992 N.E.2d at 724 (quoting *Bieghler,* 690 N.E.2d at 194).

[72] Crittenden contends that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his convictions for Class A and Class C felony child molesting because the evidence against him was based on D.M's testimony and not any physical evidence. Crittenden contends that the sufficiency issue was a stronger issue because "it is apparent from the face of the record[] that the evidence was insufficient to sustain the judge[']s verdict of guilt" on his two child molesting convictions.

[73] During the post-conviction hearing, however, Crittenden's appellate counsel's testimony showed otherwise. Appellate counsel testified that he reviewed the transcripts of the hearings, trial, and sentencing and that he tried to raise the strongest issue. He testified that he did not raise a sufficiency issue because it would not have been stronger than the territorial jurisdiction issue. Counsel also testified that there was "direct testimony from the victim" and that he thought it was "sufficient evidence to support the finding of guilt." (P-CR Tr. 12, 13).

[74] In regard to this claim, the post-conviction court concluded that:

Crittenden had little chance of success in arguing on appeal that the evidence was insufficient to establish his child molesting convictions. D.M.'s testimony supported the convictions for A-Felony and C-felony child molesting. See T.R. 64, 66-68 (Crittenden pulled her pajama bottoms and panties off and touched her inside of her bottom with his "stuff" [previously identified as his "private" or the body part boys use to go to the bathroom], that he was moving and shaking, that it hurt, and that D.M. "told him it hurted"); T.R. 65 (Crittenden touched her on the inside of her private or "pee pot" and his hand was moving, not still).

\* \* \* \* \*

Petitioner has failed to prove that it was unquestionably unreasonable for appellate counsel not to raise this as a claim on appeal. Nor does Petitioner provide any legal authority to show a reasonable probability that such a claim would have been successful if raised or would have been stronger than the claim raised. With no proof of deficient performance or prejudice, this claim fails.

(P-CR App. 394, 395) (brackets in original).

[75] In support of Crittenden's argument, he again attempts to incorporate the argument he made below to the post-conviction court. (*See* Crittenden's Br. 44) (directing us to "See entire argument in support of the fact that the evidence was not sufficient to support the guilty verdict of the judge. (App. at 265-271)") (boldface removed). As explained above, "a party may not present an argument entirely by incorporating by reference from a source outside the appellate briefs." *Bigler*, 732 N.E.2d at 197. Thus, he has waived review of this claim. *See id.* Waiver notwithstanding, our review of the record supports the post-conviction court's ruling denying post-conviction relief on this claim as

Crittenden failed to "overcome the strongest presumption of adequate assistance." *Garrett*, 992 N.E.2d at 724.

## 2. Failure to Present Issue Well

[76] Lastly, we turn to Crittenden's claim that his counsel was ineffective for failing to sufficiently argue the territorial jurisdiction issue on appeal.

[77] "[C]laims of inadequate presentation of certain issues, as contrasted with the denial of access to an appeal or waiver of issues, are the most difficult for defendants to advance and for reviewing tribunals to support." *Hollowell v. State*, 19 N.E.3d 263, 270 (Ind. 2014) (citing *Bieghler*, 690 N.E.2d at 195). "[T]his is so because such claims essentially require the reviewing court to reexamine and take another look at specific issues it has already adjudicated to determine 'whether the new record citations, case references, or *arguments* would have had any marginal effect on their previous decision.'" *Id.* (quoting *Bieghler*, 690 N.E.2d at 195)) (emphasis added by *Hollowell* Court).

[78] In regard to this claim, the post-conviction court stated that Crittenden did "little to explain this less than cogent claim." (P-CR App. 393). The post-conviction court found that "[w]hen considered in light of the requisite highest deference to appellate counsel's performance, Crittenden's claim here [was] unsupported and ma[d]e[] no sense." (P-CR App. 393). As a result, it concluded that Crittenden has failed to establish that appellate counsel was ineffective.

On appeal, as below, Crittenden fails to present a cogent argument. Thus, he has waived this argument. *See Johnson*, 832 N.E.2d at 1006 (holding that petitioner had waived claims of ineffective assistance of appellate counsel by failing to make a cogent argument). He has also waived review of the argument because he, once again, tries to incorporate his argument made below during the post-conviction proceedings. *See Bigler*, 732 N.E.2d at 197. Waivers notwithstanding, Crittenden has failed to show either deficient performance or prejudice in regard to this claim. Accordingly, he has failed to meet his burden of showing that the post-conviction court erred by denying relief on this claim.

Affirmed.

Barnes, J., and May, J., concur.