# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 31 2015, 9:09 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Danny Bailey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2015

Court of Appeals Case No.
82A01-1501-CR-28

Appeal from the Vanderburgh
Superior Court

The Honorable Mary Margaret
Lloyd, Judge

Cause No. 82D02-1006-FA-569

**Baker, Judge.**

[1] Danny Bailey appeals the post-conviction court's denial of his petition for post-conviction relief. Finding no error, we affirm.

## Facts

[2] On March 31, 2011, a jury found Bailey guilty of class A felony child molesting, class C felony child molesting, and class B felony incest. Bailey was sentenced to forty years on the first count, six years on the second count, and ten years on the third count. The trial court ordered these sentences to run concurrently, resulting in a forty-year executed term. Bailey appealed his sentence, and this Court affirmed in a memorandum decision. *Bailey v. State*, No. 82A05-1108-CR-398, 2012 WL 1069016 (Ind. Ct. App. Mar. 29, 2012).

[3] Following this decision, Bailey filed a petition for post-conviction relief in which he alleged that he had been denied effective assistance of counsel. Bailey alleged that his trial counsel had never informed him that, prior to trial, the State had offered Bailey a plea that would have resulted in a term of fifteen years. The post-conviction court held a hearing on October 24, 2014.

[4] Bailey called his trial attorney, Kurt Schnepper, to testify at the hearing. Schnepper testified that the State initially offered a plea agreement with a sentence of forty years. He testified that he discussed this plea with Bailey but did not recommend that Bailey accept it. Schnepper further testified that the State offered a second plea agreement, this time with a sentence of fifteen years. In regard to this plea offer, Schnepper testified that while he did not have a specific recollection of communicating the offer to Bailey, it was his practice to

always communicate plea offers to his clients. Following the hearing, the post-conviction court denied Bailey's petition for post-conviction relief. Bailey now appeals.

## Discussion and Decision

[5] Bailey argues that the evidence before the post-conviction court indicated that Schnepper failed to engage in meaningful plea negotiations and, therefore, the post-conviction court erred in determining that Bailey had not been denied effective assistance of counsel. A party appealing a post-conviction court's denial of a petition for post-conviction relief "must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). We accept the post-conviction court's findings of fact unless they are clearly erroneous. *Id.* We examine only the probative evidence and the reasonable inferences drawn therefrom that support the post-conviction court's judgment and we do not reweigh the evidence or judge the credibility of the witnesses. *Bigler v. State*, 732 N.E.2d 191, 194 (Ind. Ct. App. 2000).

[6] To establish a claim for post-conviction relief alleging a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must meet the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that "the deficient performance prejudiced the defense." *Id.* at 687-88. A petitioner establishes prejudice by showing "that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. It is well established that "criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments." *Dew v. State*, 843 N.E.2d 556, 568 (Ind. Ct. App. 2006).

[7] On appeal, Bailey reiterates arguments made before the post-conviction court. Bailey argues that Schnepper failed to adequately inform him of the details of the State's original forty-year offer and that Schnepper entirely failed to inform him of the State's subsequent fifteen-year offer. These are both issues of fact.

[8] Bailey points to the testimony of his wife, Georgette, who testified at the post-conviction hearing that Schnepper had not informed Bailey of the second offer. She also testified that Bailey was not able to inform her of any of the details of the initial offer, which Bailey believes indicates that this offer was never adequately communicated.

[9] However, the post-conviction court noted that Schnepper's testimony contradicted Georgette's. It noted that Schnepper testified that he showed Bailey the initial offer and discussed it with him. Appellant's Br. p. 30. It also noted that, as to the second offer, Schnepper testified that he "wouldn't have gone through all that trouble to get the offer and then hide that from [his] client and not discuss it with him." Tr. p. 20-21. Schnepper testified that it was his

general practice to meet with the prosecutor before trial to discuss any final plea offer. Schnepper testified:

> Schnepper: I'm not going to take a class A felony to trial without presenting that final offer to the client and discussing it with him at length.
>
> Counsel: Is it fair to say that's your general practice?
>
> Schnepper: Yes.
>
> Counsel: And do you have any reason to believe why you wouldn't have done that here?
>
> Schnepper: No, I just don't have the specific recollection of whether that was at the courthouse or at my office . . . .

Tr. p. 21.

[10] The post-conviction court noted that it had been presented with contradictory testimony and that it was left "to decide which of these contradictory versions of events carries the day." Appellant's Br. p. 31. The post-conviction court concluded that "given the totality of the witnesses' testimony, the Court can only conclude that Attorney Schnepper did communicate the offers." Tr. p. 32. This conclusion is supported by the testimony of Schnepper and is, therefore, not clearly erroneous. On appeal, we will not reweigh the evidence or judge the credibility of the witnesses to reach a contrary conclusion.

[11] The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.