# FOR PUBLICATION

APPELLANT PRO SE:

**CHRIS T. COLLINS**
Bunkerhill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 25 2014, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRIS T. COLLINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-PC-887 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-9311-PC-157136

**July 25, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Chris Collins, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief, raising the following issues for our review: (1) whether the post-conviction court erred by denying Collins's request for subpoenas; (2) whether Collins was denied the right to assistance of counsel at his guilty plea hearing where he was represented by a certified legal intern; (3) whether Collins's plea was knowing, intelligent, and voluntary; and (4) whether Collins was denied the right to effective assistance of counsel. Concluding the post-conviction court's denial of Collins's request for subpoenas was not an abuse of discretion and that its denial of Collins's petition for post-conviction relief was proper, we affirm.

## Facts and Procedural History

On November 22, 1993, Patricia Blackburn's vehicle was stolen out of a K-Mart parking lot. Indianapolis Police Officer H. Czaplinski observed the vehicle racing down a public street and activated his emergency lights. The vehicle did not stop and eventually wrecked into a fence. After the crash, the vehicle's driver, Chris Adams, and passenger, Collins, exited the vehicle and fled on foot. Officer Czaplinski, assisted by two other officers, located Collins and attempted to detain him. Collins resisted the officers, causing one officer to suffer a broken hand. Collins was arrested and taken to Wishard Hospital for treatment of injuries he sustained during the scuffle.

The State charged Collins with auto theft, a Class D felony; battery, a Class D felony; resisting law enforcement, a Class A misdemeanor; and failure to stop after an accident, a Class B misdemeanor. An amended information was later filed, charging Collins with

2

resisting law enforcement as a Class D felony for the purpose of effecting a plea agreement. On March 24, 1994, Collins pled guilty to resisting law enforcement, a Class D felony, and his remaining charges were dismissed pursuant to that agreement. The plea agreement provided for a sentence of eighteen months with fifteen months suspended to probation.

On August 13, 2008, Collins, *pro se*, filed a petition for post-conviction relief. On May 23, 2009, he filed a request for subpoenas to be issued to Paul Hartman (certified legal intern who represented Collins), Lynn McDowell (public defender who represented Collins and supervised Hartman), Beth White (prosecutor), and Judge Richard Sallee. The post-conviction court held evidentiary hearings on Collins's petition on August 3, 2009 and September 14, 2009.

Collins testified on his own behalf. He claimed he was denied the right to counsel at his guilty plea hearing because he was represented by Hartman, who was a law student rather than a licensed attorney. Collins also asserted that his plea was not knowing and voluntary, because Hartman failed to advise him of the possibility of alternative misdemeanor sentencing ("AMS"), which was precluded by the plea agreement. He also claimed that Hartman improperly allowed him to enter into a plea agreement that called for an unlawful sentence. Finally, Collins claimed Hartman neglected to advise Collins of a potential defense.

Hartman also testified at the hearings. Now an attorney, he confirmed that he was in fact a law student and certified legal intern at the time he represented Collins and that he informed Collins of his status at the time. Hartman testified that he was always supervised by a licensed attorney when in court. McDowell was his supervisor, but he could not recall

3

whether McDowell or another attorney was present at the time of Collins's guilty plea hearing. Hartman also stated that he advised Collins of the possibility of AMS before his guilty plea.

Collins also presented evidence from Jeff Wright, a State Public Defender who had temporarily represented Collins. Wright testified to a phone conversation with Hartman during which Hartman said he could not recall whether he advised Collins that he was a certified legal intern. This conversation, however, occurred before Hartman had an opportunity to review his files.

The post-conviction court declined to issue subpoenas for Lynn McDowell, Beth White, and Judge Sallee.

On May 24, 2011, a Marion County commissioner entered its findings of fact and conclusions of law, recommending denial of Collins's petition. However, those findings and conclusions were not signed by a judge until September 23, 2013. This appeal followed.

<u>Discussion and Decision</u>

I.     Standard of Review

A petitioner seeking post-conviction relief bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who is denied post-conviction relief appeals from a negative judgment, which may be reversed only if "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." <u>Stevens v. State</u>, 770 N.E.2d 739, 745 (Ind. 2002), <u>cert. denied</u>, 540 U.S. 830 (2003). We defer to the post-conviction court's factual findings, unless they are clearly erroneous. <u>Id.</u> at 746.

4

## II.    Collins's Request for Subpoenas

First, Collins argues the post-conviction court improperly denied his request to subpoena three witnesses: Judge Sallee, Lynn McDowell, and Beth White. Petitioners proceeding *pro se* are entitled to request the issuance of subpoenas accompanied by an affidavit stating the reason for calling the witness and the expected testimony. Indiana Post-Conviction Rule 1(9)(b). "If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena." Id. The decision to grant or deny a request for issuance of a subpoena is within the trial court's discretion. Johnson v. State, 832 N.E.2d 985, 994 (Ind. Ct. App. 2005), trans. denied. An abuse of discretion occurs where the decision is against the logic and effect of the facts and circumstances. Id.

At the post-conviction hearing, Collins admitted that there was merely a "remote chance" that White would provide any relevant testimony helpful to his post-conviction relief claims, and that he "really didn't expect her to." Post-Conviction Transcript at 65. Therefore, it was within the trial court's discretion to conclude the proposed witness would not provide relevant and probative testimony and to deny Collins's subpoena request. Similarly, given the nature of Collins's claims for post-conviction relief, it is difficult to imagine what relevant testimony, if any, could have been given by the presiding judge, and Collins does not present us with any information on appeal that would indicate Judge Sallee would have offered any relevant testimony. Therefore, the trial court's refusal to issue a subpoena for Judge Sallee was not an abuse of discretion.

5

Finally, the post-conviction court informed Collins that it was unable to issue a subpoena to McDowell, who resided in Florida. "A subpoena may be served at any place within the state . . . ." Ind. Trial Rule 45(E). Service of a subpoena is made in the same manner as provided by Indiana's Rules of Trial Procedure under Rules 4.1, 4.16, and 5(B). See Ind. Trial Rule 45(C). It would seem that ordinarily an Indiana court could not compel the attendance of an out-of-state witness over whom the court does not have jurisdiction.[1] However, "when permitted by the laws of the United States, this or another state or foreign country, the court upon proper application and cause shown may authorize the service of a subpoena outside the state in accordance with and as permitted by such law." Ind. Trial Rule 45(E).[2] That said, Collins's request to subpoena McDowell did not identify any Florida or federal law permitting him to subpoena McDowell, and he does not identify any means for compelling her attendance in his appellate brief. We conclude the trial court's denial of Collins's request to subpoena McDowell, a Florida resident, was not an abuse of discretion.

### III.  Denial of Right to Counsel

Next, Collins maintains that he was denied the right to assistance of counsel. He takes issue with the fact that Hartman was a certified legal intern—not a licensed attorney—when Collins pled guilty. The Sixth Amendment to the United States Constitution provides: "In

---

[1] Secondary sources support our view that issues of personal jurisdiction complicate an Indiana court's ability to compel attendance of a witness who resides out-of-state. See Indiana Practice Series, Trial Handbook, § 16:4 ("There are no provisions for compulsory attendance of out-of-state residents in civil actions."); Indiana Practice Series, Rules of Procedure Annotated, Rule 4.14, Author's Comments (3d ed.) ("The limitation on service of a subpoena is not in the absence of a structure for service, it is in issues or facts about jurisdiction over a person who might be served with a subpoena. These are or might be constitutional problems that are not readily answered or solved simply because the structure for effecting service (of process) (or a subpoena) is present.").

[2] The Uniform Act to Secure the Attendance of Witnesses from Outside the State in Criminal Proceedings would be one example of a law authorizing service of a subpoena outside the state. See Ind. Code §§ 35-37-5-1 et seq.

6

all criminal prosecutions, the accused shall have the right . . . to have the Assistance of Counsel for his defence." The Sixth Amendment guarantees a defendant the right to assistance of counsel at all critical stages of the criminal proceedings, including the entry of a guilty plea. See Missouri v. Frye, 132 S.Ct. 1399, 1405 (2012) (citing Argersinger v. Hamlin, 407 U.S. 25 (1972)).

In Indiana, our supreme court establishes the qualifications necessary to practice law within the state and has original jurisdiction regarding "admission to the practice of law." Ind. Const. Art. 7, § 4. Our supreme court has established rules allowing the practice of law by a law student—or certified legal intern—who has met the necessary requirements, which include enrollment in or completion of a professional ethics course, completion of a minimum number of law school credits, and permission from a law school dean or member of the Indiana Bar. See Ind. Rules for Admission to the Bar and the Discipline of Attorneys, Rule 2.1. This rule existed at the time of Collins's guilty plea, and it provided that "[a] legal intern may interview, advise, negotiate for, and represent parties in any judicial or administrative proceeding in this State, provided all activities undertaken are supervised and approved by an attorney who is a member of the Bar of this State." Id. (1994).

Hartman testified at the post-conviction hearing that he was a certified legal intern; he was supervised by a licensed attorney at all relevant times during his representation of Collins; and he informed Collins of his legal intern status. The post-conviction court credited Hartman's testimony on this point. Therefore, the post-conviction court was correct to conclude Collins was not deprived of his right to counsel.

7

IV.     Knowing, Intelligent, and Voluntary Plea

Collins contends his conviction must be vacated because his guilty plea was not knowing, intelligent, and voluntary. We have previously said that post-conviction relief is a proper vehicle for challenging a guilty plea, and we look at all evidence before the post-conviction court that supports its determination that a guilty plea was voluntary, knowing, and intelligent. Moffitt v. State, 817 N.E.2d 239, 248-49 (Ind. Ct. App. 2004), trans. denied. When a guilty plea is challenged based on alleged misinformation concerning sentencing, the following test is used to determine the validity of the plea: "(1) whether the defendant was aware of actual sentencing possibilities; and (2) whether the accurate information would have made any difference in his decision to enter the plea." Id. at 249. Collins asserts that his guilty plea is void due to two circumstances: (1) he was not aware of the possibility of an alternative Class A misdemeanor sentence (AMS), which his plea agreement precluded, and (2) his plea agreement provided for an illegal sentence.

As to the possibility of AMS, Hartman testified at the post-conviction hearing that he did in fact inform Collins of AMS and that the plea agreement prohibited the judge from exercising that option. AMS was also mentioned during the guilty plea hearing, and Collins indicated that he understood and eventually entered a guilty plea in accordance with the agreement. The post-conviction court found Hartman's testimony regarding conversations with Collins about AMS to be credible. "The post-conviction court is the sole judge of the evidence and the credibility of the witnesses." Hall v. State, 849 N.E.2d 466, 468-69 (Ind. 2006).

Collins also asserts his conviction is null because his plea agreement provided for an

8

illegal sentence. The plea agreement included a sentence of eighteen months with fifteen months suspended. Collins maintains that because of a prior juvenile adjudication, he was not eligible to receive a suspended sentence. See Ind. Code § 35-50-2-2.1(a). According to Collins, he unknowing agreed to an illegal sentence and should have been required to receive more executed jail time. Collins is incorrect, because he overlooks exceptions provided for in the statute that were applicable to his guilty plea. "Notwithstanding subsection (a), the court may suspend any part of the sentence for a felony if it finds that . . . the crime was the result of circumstances unlikely to recur . . . ." Ind. Code § 35-50-2-2.1(b)(1). At the time Collins pled guilty, the State stipulated that his offense was a result of circumstances unlikely to recur. Petitioner's Exhibit A at 13. Therefore, the sentencing statute's exception was properly applied, and Collins was eligible for a suspended sentence.[3]

In sum, the post-conviction court did not err by concluding Collins's guilty plea was knowing, intelligent, and voluntary.

### V.    Ineffective Assistance of Counsel

Collins maintains he received ineffective assistance of trial counsel and that the post-conviction court erred by denying his petition for relief. He claims his counsel proffered ineffective assistance because (1) he was not informed of the possibility of AMS; (2) his attorney negotiated a plea for an illegal and overly lenient sentence; and (3) his attorney failed to inform Collins of a possible defense to the charge of resisting law enforcement.

The Sixth Amendment's "right to counsel is the right to the effective assistance of

---

[3] Even assuming Collins did receive an illegally lenient sentence, our supreme court has held "[a] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was

9

counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of counsel, a convicted defendant must show (1) that counsel's performance was deficient such that it fell below an objective standard of reasonableness based on prevailing professional norms and (2) the defendant was prejudiced by counsel's deficient performance. Id. at 687. When considering whether counsel's performance was deficient, the reviewing court begins with a "strong presumption" that counsel's performance was reasonable. Id. at 689. A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

When a defendant contests his guilty plea based on claims of ineffective assistance of counsel, we apply the same two-part test from Strickland discussed above. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The first part, regarding counsel's performance, is largely the same. Id. The prejudice requirement, however, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The two prongs of the Strickland test—performance and prejudice—are independent

---

an illegal sentence." Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004). Collins received an enormous benefit as a result of his plea, and he cannot now expect to have his conviction voided on that basis.

10

inquiries, and both prongs need not be addressed if the defendant makes an insufficient showing as to one of them. 466 U.S. at 697. For instance, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed" without consideration of whether counsel's performance was deficient. Id.

Collins's allegations that he was not informed of AMS and that he received an illegal sentence have been addressed above. Collins was found to be incredible in his claim regarding AMS and incorrect in his belief that he received an illegal sentence. Therefore, neither argument provides a basis for relief under a claim of ineffective assistance of counsel.

Last, Collins claims his counsel was deficient for failing to advise him of a defense to his charge of resisting law enforcement. The defense Collins claims is that "he did not resist law enforcement, but that he was beaten by law enforcement." Brief of Appellant at 19. At the post-conviction hearing, Hartman testified that he could not recall any indication that Collins was beaten but did not resist law enforcement. We also note that Collins does not assert that counsel failed to advise him of an affirmative defense or legal defense to the charge; rather, the alleged defense claimed by Collins is simply that he did not commit the crime. His claim is belied by the fact that at the time of his guilty plea hearing, Collins understood the elements of the crime of resisting law enforcement and stated under oath that he was in fact guilty of forcibly resisting law enforcement. See United States v. Chapa, 602 F.3d 865, 869 (7th Cir. 2010) ("[R]epresentations, made by a defendant under oath at a plea colloquy, are entitled to a presumption of correctness."); Butler v. State, 658 N.E.2d 72, 77 (Ind. 1995) ("Trial court determinations of adequate factual basis, like other parts of the plea process, arrive here on appeal with a presumption of correctness."). Most importantly, the

11

post-conviction court's findings of fact state that "[a]s the officer attempted to detain him Mr. Collins forcibly resisted, causing Officer Hamer to suffer a broken right hand." Appellant's Appendix at 67. In other words, the post-conviction court did not find Collins's assertion that he was beaten but did not resist to be a credible one. For these reasons, Collins did not receive ineffective assistance of trial counsel.

## Conclusion

Concluding the post-conviction court did not abuse its discretion by declining to issue three subpoenas and that its denial of Collins's petition for post-conviction relief was not erroneous, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.