## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2016, 7:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Martin Pineda Tovar a/k/a Martin Estrada
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Martin Pineda Tovar a/k/a Martin Estrada, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br><br> *Appellee-Respondent.* | August 31, 2016 <br><br> Court of Appeals Case No. 15A01-1508-PC-1112 <br> Appeal from the Dearborn Superior Court. <br> The Honorable Sally A. McLaughlin, Judge. <br> Cause No. 15D02-1402-PC-3 |

**Shepard, Senior Judge**

[1] Martin Pineda Tovar a/k/a Martin Estrada appeals the denial of his petition for post-conviction relief, asserting the post-conviction court unfairly curtailed his questioning of a witness and erred in denying his claim of ineffective assistance of counsel. We affirm.

## Issues

As best we can determine, Tovar presents the following restated issues:

  I.  Whether the post-conviction court abused its discretion in limiting Tovar's questioning of a witness; and

  II.  Whether the court erred in rejecting Tovar's claim of ineffective assistance of trial counsel.[1]

## Facts and Procedural History

On June 27, 2006, Deborah Chandler asked her neighbor Larry Hatfield if Tovar and his companion, Elida Montes, could spend the night at Hatfield's house in Lawrenceburg. Hatfield agreed, and Tovar and Montes slept in the bedroom while Hatfield slept on a couch.

Chandler and Tovar were unaware that Hatfield was providing information to the police about Chandler's suspected participation in drug dealing. Police officers, including Detective Shane McHenry, watched Hatfield and Chandler's homes on June 27 and followed Tovar's movements that day.

The next day, June 28, Tovar and Montes left Hatfield's residence when Chandler came over to tell them Kim Cremeans had overdosed in Chandler's house. Police officers followed Tovar's car and watched as he engaged in

---

[1] Tovar raised a claim of ineffective assistance of direct appeal counsel in his petition for post-conviction relief, but he is not presenting that claim on appeal.

tactics consistent with attempting to detect and evade police surveillance. They arrested Tovar and Montes in Ohio.

[6] Meanwhile, Hatfield gave Detective McHenry permission to search his home. When Detective McHenry opened the bedroom door, he saw scales and bindles of heroin. He obtained a search warrant, and, during a search of the bedroom, officers found fifteen grams of heroin and related paraphernalia.

[7] The State charged Tovar with dealing in heroin as a Class A felony, dealing in heroin as a Class B felony, and conspiracy to deal in heroin as a Class B felony. Prior to trial, Tovar filed a motion to suppress evidence, which the court denied. The jury found Tovar guilty of the first two charges, and the court sentenced him to fifty years.

[8] Tovar's appeal challenged the admission into evidence of the items found in the bedroom and the appropriateness of his sentence. This Court affirmed. *Estrada v. State*, Cause No. 15A04-0802-CR-65 (Ind. Ct. App. Aug. 27, 2008).

[9] Next, Tovar filed the instant petition. The court held an evidentiary hearing, at which Tovar questioned the three attorneys who had represented him in his criminal case. The attorney from his direct appeal did not appear, having moved out of state. The court took judicial notice of the trial record. It later issued findings and conclusions denying Tovar's petition.

# Discussion and Decision

[10] Because Tovar appeals from the denial of post-conviction relief, he is appealing from a negative judgment and bears the burden of proof. *Wilkes v. State*, 984 N.E.2d 1236 (Ind. 2013). To prevail on appeal, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Manzano v. State*, 12 N.E.3d 321 (Ind. Ct. App. 2014), *trans. denied*. We review the post-conviction court's factual findings for clear error but do not defer to its conclusions. *Wilkes*, 984 N.E.2d 1236. Further, although Tovar is proceeding pro se, we hold pro se litigants to the same standards as trained counsel. *Pannell v. State*, 36 N.E.3d 477 (Ind. Ct. App. 2015), *trans. denied*.

## 1. Witness Examination

[11] Tovar claims the post-conviction court unfairly limited his questioning of Jeffrey Stratman, one of his trial attorneys, and should have continued the hearing to permit further questioning.

[12] The admission or exclusion of evidence in a post-conviction proceeding is within the post-conviction court's sound discretion, and we will not disturb its ruling absent an abuse of discretion. *Hyppolite v. State*, 774 N.E.2d 584 (Ind. Ct. App. 2002), *trans. denied*. In addition, rulings on non-statutory motions for continuance are within the court's discretion and will be reversed only for an abuse. *Evans v. State*, 809 N.E.2d 338 (Ind. Ct. App. 2004), *trans. denied*.

[13] Tovar had two months to prepare for the April 15, 2015 post-conviction evidentiary hearing. In addition, on the morning of the hearing the court briefly delayed proceedings to allow Tovar to retrieve his materials from the jail. Once the hearing began, Stratman informed the court and the parties that he had to leave for an out-of-town obligation.

[14] On direct examination, Tovar asked Stratman general questions about his professional history and his understanding of a defense attorney's duties. He also had Stratman read the probable cause affidavit and asked Stratman if he remembered people and places from the case. After he addressed these topics, the court ended the questioning and permitted Stratman to depart. At the end of the hearing, Tovar asked to be allowed to continue questioning Stratman, saying he wanted to ask Stratman "a few relevant questions" about discovery. Tr. p. 87. The court ultimately declined to schedule another hearing.

[15] Under these facts, the court reasonably concluded nothing material would be gained from further questioning. Despite ample opportunity to prepare, most of Tovar's questions were general and did not address his specific claim of ineffective assistance. Tovar has failed to establish the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *See Pannell*, 36 N.E.3d at 486 (no abuse in failing to reissue subpoenas to counsel because the petitioner "did not effectively question his appellate counsel or ask questions relevant to the issues he had raised.").

On a related subject, Tovar argues the post-conviction court erred by not ensuring that his direct appeal counsel was present at the hearing. At the time, counsel had retired and moved to Hawaii. Generally, subpoenas may be served "at any place within the State." Ind. Trial Rule 45(E). An Indiana court may authorize service of a subpoena outside the state "upon proper application and for cause shown" as permitted by law. *Id.* Tovar has not identified any state or federal law permitting the post-conviction court to subpoena the attorney or any means to compel the attorney's attendance from another state. *See Collins v. State*, 14 N.E.3d 80 (Ind. Ct. App. 2014) (no abuse in rejecting subpoena for attorney who had moved to Florida).

## 2. Assistance of Trial Counsel

Tovar argues his trial counsel failed to raise the strongest claims. The State says the post-conviction court correctly determined his counsel was not ineffective.

To establish a claim of ineffective assistance, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. *Helton v. State*, 907 N.E.2d 1020 (Ind. 2009). A petitioner must show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. *Morgan v. State*, 755 N.E.2d 1070 (Ind. 2001). A petitioner proves prejudice by demonstrating a reasonable probability that, if not for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* A strong presumption arises that counsel rendered adequate assistance. *Id.*

[19] Tovar's claim focuses on the motion to suppress. Tovar's counsel had unsuccessfully claimed the search of the bedroom at Hatfield's house violated Tovar's Fourth Amendment protection against illegal searches because he had a protected privacy interest in the room. Tovar now argues that his trial counsel should have raised a different argument: the probable cause affidavit did not establish probable cause for a search warrant because it was based on uncorroborated hearsay.

[20] The Fourth Amendment requires that a search warrant be supported by probable cause. *State v. Fridy*, 842 N.E.2d 835 (Ind. Ct. App. 2006). A reviewing court must determine whether the trial court had a substantial basis for concluding that probable cause to support the search warrant existed. *Id.* When a probable cause affidavit contains hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind. Code § 35-33-5-2 (2005).

[21] The State correctly notes that a search warrant was arguably unnecessary because the house's owner, Hatfield, consented to a search. *See Trowbridge v. State*, 717 N.E.2d 138 (Ind. 1999) (valid consent to search is an exception to the prohibition on warrantless searches). In any event, the officer who signed the affidavit, Detective McHenry, corroborated the portions of the affidavit that

contained hearsay. He stated that he saw Chandler walking between her house and Hatfield's house on several occasions in the days before Tovar's arrest. Detective McHenry also saw Tovar and Montes leave Hatfield's house on June 28, 2006. Most importantly, Detective McHenry stated in the affidavit he saw heroin and associated paraphernalia in the bedroom Tovar and Montes had used. His personal observations are sufficient corroboration. *See Fridy*, 842 N.E.2d 835 (officer's observations, in probable cause affidavit, corroborated the hearsay statements).

[22] Moreover, Detective McHenry stated in the affidavit that other officers told him about Cremeans' overdose and Tovar's arrest. Detective McHenry was entitled to rely on information from his fellow officers. *State v. Foy*, 862 N.E.2d 1219 (Ind. Ct. App. 2007) (police may rely on information from their own and other departments), *trans. denied*. As a result, the probable cause affidavit contained ample information that corroborated the hearsay statements.

[23] Counsel's performance is not deficient for declining to present a claim that would not have prevailed. *Peak v. State*, 26 N.E.3d 1010 (Ind. Ct. App. 2015). Tovar has failed to demonstrate the post-conviction court erred in rejecting this claim about trial counsel's choice of grounds to pursue suppression.

[24] Tovar further argues his trial lawyer should have asked the State to produce Hatfield's cell phone records to verify Hatfield's description of when different events occurred. Tovar did not offer the cell phone records into evidence during post-conviction. As a result, we do not know if the phone records would

have made a difference in the case, and Tovar failed to carry his burden of proof. *See Mitchell v. State*, 946 N.E.2d 640 (Ind. Ct. App. 2011) (post-conviction court properly rejected claim of ineffective assistance because petitioner failed to submit evidence to support the claim), *trans. denied*.

[25] Tovar also claims his lawyer should have called Montes and Cremeans to testify at trial. He characterizes the issue as counsel's failure to protect his Sixth Amendment right to confront witnesses. This claim is of no merit because no testimony in or out of court from Montes and Cremeans was admitted into evidence at Tovar's trial. We will instead consider whether Stratman rendered ineffective assistance by failing to call Montes or Cremeans as witnesses. A decision regarding what witnesses to call is a matter of trial strategy. *Brown v. State*, 691 N.E.2d 438 (Ind. 1998).

[26] Tovar argues Montes "provided extensive information for the State," and if she had been called to testify she could have been questioned as to whether she "used heroin" or received benefits from the State in exchange for implicating Tovar. Appellant's Br. p. 15. He further says his counsel should have questioned Cremeans, using medical records, about the circumstances of Cremeans' overdose. It thus appears Tovar wanted his counsel to call Montes and Cremeans to impeach them, but whether such impeachment would have helped Tovar's defense is mere speculation. Counsel could have reasonably concluded that because Montes was deeply knowledgeable about Tovar's activities and had apparently implicated him in illegal conduct, Montes's testimony could have hurt Tovar as much as helped him. Further, counsel

could have reasonably concluded Cremeans was only tangentially involved in the case and would not have materially assisted Tovar's defense. He has failed to show that the choice not to call these witnesses was anything other than a strategic decision. *See Hall v. State*, 274 Ind. 607, 413 N.E.2d 262 (1980) (counsel was not ineffective for choosing not to call witnesses; petitioner merely speculated that those witnesses would undermine other witnesses' credibility).

[27] Finally, Tovar argues his trial counsel failed to object to the aggravating factors identified by the trial court at his sentencing hearing. Specifically, he says his attorney should have challenged the sentencing court's use of his prior criminal history and his status as an undocumented alien. The State responds that counsel acted appropriately because the aggravating factors were valid.

[28] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). A trial court may abuse its discretion by entering a sentencing statement that finds aggravating or mitigating factors that are unsupported by the record or improper as a matter of law. *Id.*

[29] Tovar claims the use of his criminal record as an aggravating factor was invalid because the State must file a "separate sheet allegation" to use prior crimes to enhance a sentence. Appellant's Br. p. 10. To the contrary, a sentencing court may consider a defendant's "history of criminal or delinquent behavior" as an aggravating factor. Ind. Code § 35-38-1-7.1(a) (2005). Tovar appears to be referring to a habitual offender sentencing enhancement, which the State may

seek by filing a separate sheet of paper identifying qualifying prior convictions. Ind. Code § 35-50-2-8 (2005). The State did not allege that Tovar is a habitual offender, so the separate sheet requirement does not apply. Counsel was not ineffective for failing to contend that it did.

[30] As for Tovar's status as an undocumented alien, a defendant's presence in the country without appropriate credentials is a proper aggravating factor because "daily disregard for the laws of this country" is relevant to the assessment of a defendant's character. *Sanchez v. State*, 891 N.E.2d 174, 176-77 (Ind. Ct. App. 2008). Trial counsel did not render ineffective assistance by failing to challenge those sentencing factors because such a challenge would have failed.

## Conclusion

[31] For the foregoing reasons, we affirm the judgment of the trial court.

[32] Affirmed.

Vaidik, C.J., and May, J., concur.