## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2016, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Borahm Kim
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Weaver,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

October 14, 2016

Court of Appeals Case No.
20A03-1601-PC-14

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1310-PC-66

**Baker, Judge.**

[1] Ronald Weaver appeals the denial of his petition for post-conviction relief. He argues that the post-conviction court erroneously determined that (1) he pleaded guilty knowingly, voluntarily, and intelligently; and (2) he did not receive the ineffective assistance of trial counsel. Finding no error, we affirm.

## Facts

[2] On June 9, 2009, Elkhart County law enforcement officers executed a search warrant at Weaver's home. Weaver, his wife, and their two minor children were present in the residence at that time. Among other things, the officers located the following items inside the home: (1) .3 grams of methamphetamine in the pocket of Weaver's wife; (2) sixteen blister packs of pseudoephedrine; (3) a digital scale; (4) a coffee filter containing a white, powdery substance; (5) multiple receipts for items that are precursors to the manufacture of methamphetamine; and (6) a Hawaiian Punch bottle, which had a hose with a valve attached coming out of the top of the bottle, containing sludge at the bottom and a liquid inside—later tests revealed that ammonia was present in this bottle. Weaver admitted to the officers that he manufactures methamphetamine, that he likely made the methamphetamine found in his wife's pocket, and that he generally manufactures between three and six grams of methamphetamine per batch.

[3] On June 16, 2009, the State charged Weaver with class A felony manufacturing methamphetamine over three grams. On April 19, 2012, Weaver pleaded guilty as charged. The trial court sentenced him to forty years imprisonment, with ten

years suspended to probation. On October 15, 2013, Weaver filed a pro se petition for post-conviction relief, which was later amended by counsel. On October 21, 2015, the post-conviction court held an evidentiary hearing on the petition, and on December 11, 2015, the post-conviction court issued an order denying Weaver's petition. Weaver now appeals.

## Discussion and Decision

[4] Weaver raises two arguments on appeal. First, he argues that he did not plead guilty knowingly, intelligently, and voluntarily because he was misled by his attorney, who told him that the State had enough evidence to convict him of the class A felony. Second, he argues that his trial attorney was ineffective for advising him to accept the plea agreement.

[5] The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings

and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

## I. Guilty Plea

[6] In evaluating Weaver's argument regarding his guilty plea, we look at all evidence before the post-conviction court that supports its determination that the plea was knowing, voluntary, and intelligent. *Collins v. State*, 14 N.E.3d 80, 85 (Ind. Ct. App. 2014). If a defendant can show that he was misled into pleading guilty by the judge, prosecutor, or defense counsel, he presents a colorable claim that his plea was not voluntary. *Baker v. State*, 768 N.E.2d 477, 479 (Ind. Ct. App. 2002).

[7] Initially, we note that in his petition for post-conviction relief and at the post-conviction hearing, Weaver argued that he was misled by the *prosecutor*, rather than by his own attorney. As he may not raise a new argument on appeal, this issue is waived.

[8] Waiver notwithstanding, Weaver contends that his attorney misled him about the likelihood of conviction if he proceeded to trial. Specifically, he notes that only .3 grams of methamphetamine were found in his residence. He contends that his attorney misled him when she stated that the State could use the evidence of the sludge and liquid in the Hawaiian Punch bottle to reach the required weight of three grams for the class A felony conviction.

[9] We disagree. Weaver pleaded guilty to manufacturing three grams or more of "methamphetamine, pure or adulterated." Ind. Code § 35-48-4-1.1(b) (2009). At the time Weaver committed this crime, the State could use evidence of unfinished methamphetamine to prove the weight of the drug. *See Traylor v. State*, 817 N.E.2d 611, 619-20 (Ind. Ct. App. 2004) (finding evidence sufficient where a methamphetamine reaction vessel contained a product weighing more than three grams).[1] In this case, Weaver admitted that he had manufactured the .3 grams of methamphetamine found in his wife's pocket. Additionally, he told the police that he uses three boxes of pseudoephedrine per two-liter bottle and produces three to six grams of methamphetamine per batch. Law enforcement officials found pseudoephedrine and other evidence of a methamphetamine lab corroborating Weaver's confession, including a Hawaiian Punch bottle with a hose coming out of it, a valve attached to the hose, sludge at the bottom, and a liquid inside the bottle.

[10] It is true that, had the case proceeded to trial, the State would have had to offer evidence of the weight of the sludge and liquid inside the two-liter bottle to convict Weaver of the charged offense. *See Halsema v. State*, 823 N.E.2d 668,

---

[1] *Traylor* was later overruled by *Buelna v. State*, 20 N.E.3d 137 (Ind. 2015). In *Buelna*, our Supreme Court clarified that "'adulterated' methamphetamine is the final, extracted product that may contain lingering impurities or has been subsequently debased or diluted by a foreign substance—not an intermediate mixture that has not undergone the entire manufacturing process. Thus, the weight of an intermediate mixture is probative of the weight enhancement only if the State presents evidence that establishes how much finished drug the intermediate mixture would have yielded if the manufacturing process had been completed." *Id.* at 142. For the purposes of this case, however, we must examine the state of the law at the time Weaver pleaded guilty; therefore, we will not rely on *Buelna* and its progeny.

674 (Ind. 2005) (holding that State must introduce evidence of weight of methamphetamine to convict defendant of possessing three grams or more of it). But Weaver's attorney did not mislead him by advising him that if the amount of sludge and liquid in the two-liter bottle totaled 2.7 grams or more (an easy inference to make given Weaver's confession that he typically produces three to six grams of methamphetamine per batch), the State would have sufficient evidence to convict him of class A felony manufacturing methamphetamine.

[11] When Weaver pleaded guilty, he understood the charge and voluntarily admitted his guilt. He has not established that he was misled by his attorney in the process. Consequently, the post-conviction court did not err by denying his petition for post-conviction relief on this basis.

## II. Assistance of Counsel

[12] Weaver also argues that his attorney was ineffective for advising him to accept the guilty plea offer. A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine

confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012).

[13] As noted above, Weaver's attorney correctly advised him based on the state of the law at the time he pleaded guilty. Counsel reasonably concluded that Weaver could be convicted of the class A felony based on the amount of methamphetamine found in his wife's pocket plus the amount of sludge and liquid in the two-liter bottle found in Weaver's residence. Counsel was also concerned about Weaver's exposure to additional charges, including maintaining a common nuisance and two counts of neglect of a dependent, as well as his total possible sentencing exposure given a significant criminal history and the fact that he was on probation at the time he committed this crime. She attempted to negotiate the charge down to a class B felony, but in the end agreed to an A felony because of the threat of the additional charges. Counsel did, however, obtain the State's agreement to cap Weaver's executed sentence at thirty years, dismiss any other charges, and refrain from filing any additional charges arising from the incident. In our view, trial counsel performed well given that Weaver had freely confessed to law enforcement before she was appointed to represent him.

[14] We will not second-guess counsel's strategy in negotiating this plea agreement or in presenting the negotiated agreement to her client. We find that Weaver has not met his burden of showing that his trial attorney's performance was

deficient, and find no error in the post-conviction court's denial of Weaver's petition on this basis.

[15] The judgment of the post-conviction court is affirmed.

Vaidik, C.J., and Najam, J., concur.