## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Christopher M. Macy<br>Pendleton, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher M. Macy,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | April 12, 2017<br><br>Court of Appeals Case No.<br>49A05-1601-PC-100<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G01-0804-PC-71221 |

**Baker, Judge.**

[1] Christopher Macy, pro se, appeals the judgment of the post-conviction court, which denied his petition for post-conviction relief (PCR). He argues that he received the ineffective assistance of trial and appellate counsel, and that the PCR court erred by refusing to issue a subpoena. Finding that Macy did not receive the ineffective assistance of counsel and no other error, we affirm.

## Facts

[2] Macy worked as a maintenance worker in the Keystone Towers apartments. On March 26, 2008, he found that his tools were missing. He thought that Darrick Mitchell had stolen them, and he began asking residents where he could find Mitchell. He later found him; in front of at least three witnesses, Macy repeatedly hit Mitchell on the head with a flashlight. Witnesses recounted that Mitchell slumped over, started bleeding profusely, and made gurgling noises. Although the police arrived within minutes, Mitchell could not be saved, and he died from his wounds.

[3] On February 3, 2009, Macy was found guilty of voluntary manslaughter by means of a deadly weapon, a class A felony. The trial court sentenced him to forty-five years. Macy appealed, arguing that the trial court erred by admitting several autopsy photographs into evidence, but we affirmed his conviction in a memorandum decision. *Macy v. State*, No. 49A04-0903-CR-144, 2009 WL 3817903, at *1 (Ind. Ct. App. Nov. 16, 2009).

[4] Macy filed a petition for PCR on July 22, 2010, which he subsequently amended. He argued that he had received the ineffective assistance of trial and

appellate counsel. His central claim was that his trial counsel should have pursued a different trial strategy: he conceded that he hit Mitchell repeatedly on the head with a flashlight, but thought that, in the intervening moments between the end of his attack and the arrival of the police, someone else may have snuck in the room and murdered Mitchell.

[5] The PCR court enabled Macy to subpoena several witnesses, including his trial counsel and the deputy prosecutor involved in his case. He also received answers to interrogatories served on his trial and appellate counsel. The PCR court, however, declined to subpoena the trial court judge and the forensic pathologist who testified at the trial, reasoning that neither would be able to provide relevant testimony regarding Macy's PCR arguments. On November 9, 2015, the PCR court issued its ruling, finding that Macy had not met his burden to show that he had received the ineffective assistance of counsel. Following a motion to correct error, which was denied, Macy now appeals.

## Discussion and Decision

[6] Macy has three arguments on appeal. First, he argues that the PCR court erred by declining to subpoena the forensic pathologist; he claims that the pathologist's trial testimony opened a door to argue that a second weapon and assailant were involved, and that this was relevant to his ineffective assistance of counsel argument. Second, he argues that his trial counsel should have pursued his preferred strategy at trial and that appellate counsel picked a weak

argument on appeal. Finally, he argues that the trial court improperly sentenced him, and that the PCR court improperly upheld his sentence.

[7] The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Shanabarger v. State*, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

## I. Witness Subpoena

[8] Pro se petitioners are entitled to request the issuance of subpoenas accompanied by an affidavit stating the reason for calling the witness and the expected testimony. Indiana Post-Conviction Rule 1(9)(b). That rule requires the PCR court to order subpoenas to be issued "[i]f the court finds the witness' testimony would be relevant and probative," but to refuse it otherwise. *Id.* The decision to grant or deny a request for issuance of a subpoena is within the PCR court's discretion and will only be reversed if the decision is against the logic and effect of the facts and circumstances. *Collins v. State*, 14 N.E.3d 80, 84 (Ind. Ct. App. 2014).

[9] We find that the PCR court was entirely correct to deny Macy's request to subpoena the forensic pathologist. Macy is required to "identify what

additional information would have been discovered and how he was prejudiced by the absence of this information." *Williams v. State*, 724 N.E.2d 1070, 1076 (Ind. 2000). His hypothesis that trial counsel would have elicited additional information regarding the number of head wounds or the directions of the strikes, and that this information would have convinced the jury that an as-yet undiscovered third party snuck into the crime scene and murdered Mitchell, is, at best, sheer fantasy. The PCR court made no error in this regard.

## II. Ineffectiveness of Counsel

Our Supreme Court has summarized the standard applied to claims of ineffective assistance of counsel as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); *accord Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness, *id.* at 688, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment, *id.* at 687. Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Id.* at

689. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. *Id.* at 689. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Bieghler v. State*, 690 N.E.2d 188, 199 (Ind. 1997); *Davis v. State*, 598 N.E.2d 1041, 1051 (Ind. 1992); *Ingram v. State*, 508 N.E.2d 805, 808 (Ind. 1987).

*Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001).

[11] Macy's trial counsel testified at the PCR hearing regarding her trial strategy. She noted that there was overwhelming evidence that Macy killed Mitchell. She reasoned that Macy's best strategy would be to defeat the murder charge by convincing the jury that he acted in the heat of passion. In fact, Macy's trial counsel's strategy worked: instead of being convicted of murder, he was convicted of voluntary manslaughter.

[12] Macy posits that he merely battered Mitchell, and that someone else—"an individual by the name of 'Hitman' who walked around with a stick"—sneaked into the crime scene and murdered Mitchell. Appellant's Br. p. 28. By arguing that his trial counsel should have convinced the jury that, despite a complete lack of evidence, a third party sneaked onto the scene and committed the crime, Macy is demanding the impossible. Macy's trial counsel more than met the standard of performance required of attorneys; as such, Macy cannot meet his

burden of proving the first prong of the *Strickland* test, and his ineffective assistance of trial counsel argument must fail.

[13] Macy also argues that his appellate counsel was ineffective because appellate counsel declined to raise "at least eight (8) issues that could have been presented on appeal," which Macy sent to appellate counsel in a letter. *Id.* at 34.

[14] We give great deference to appellate counsel's decisions regarding which arguments to raise on appeal, which is "one of the most important strategic decisions of appellate counsel." *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012) (citing *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997)). Appellate counsel's performance, as to the selection and presentation of issues, will thus be presumed adequate unless found unquestionably unreasonable considering the information available in the trial record or otherwise known to the appellate counsel. *Id.* at 491-92. Just as with trial counsel, Macy must show prejudice: a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014).

[15] Among the possible arguments Macy contends appellate counsel should have raised are the following: that trial counsel was ineffective (we have already found that she was not); that the trial court should have instructed the jury on reckless homicide (there was no evidence, and Macy has never argued, that he acted recklessly as opposed to knowingly); that the trial court began evaluating final instructions after the defense's final witness but before the defense had formally closed its case (if this was error, we cannot see how Macy would have

been prejudiced by it); and that Indiana's sentencing scheme is generally unconstitutional (Macy relies on several cases decided before Indiana amended its sentencing scheme in 2005).

[16] Searching through Macy's proposed appellate arguments, we cannot say that appellate counsel's choice was unquestionably unreasonable. None of Macy's proposed appellate arguments have merit, and he has not convinced us that appellate counsel would have achieved a different result by arguing them. Macy's claim of ineffective assistance of appellate counsel also fails.

## III. Trial Court's Sentencing Statement

[17] At the sentencing hearing, the trial court rejected Macy's argument that Mitchell's alleged provocation should be counted as a mitigating factor. He argues that a finding by the jury that he committed voluntary manslaughter necessarily indicates that he was provoked, and that therefore the trial court erred.[1]

[18] Macy is incorrect. Voluntary manslaughter requires proof that a person knowingly or intentionally killed another human being "while acting under sudden heat." Ind. Code § 35-42-1-3(a) (2008). The trial court simply noted that, in the encounter, Macy walked straight into the room and began beating

---

[1] We note that this argument was available at the direct appeal stage and is not properly before us at the PCR stage. Regardless, we will address it.

Mitchell without Mitchell saying or doing anything; therefore, it declined to accept Macy's proposed mitigating factor.

[19] In sum, the PCR court properly denied to subpoena a witness, when Macy failed to specify what relevant information she would provide; Macy did not receive the ineffective assistance of trial or appellate counsel; and the trial court did not err in sentencing him.

[20] The judgment of the post-conviction court is affirmed.

Mathias, J., and Pyle, J., concur.